Kavanagh *v.* Beckwith.

[MONROE GENERAL TERM, June 5, 1865. *Johnson, J. C. Smith,* and *E. Darwin Smith,* Justice.]

---

## KAVANAGH & BARRON *vs.* BECKWITH.

Where an assignment, made by an insolvent debtor, in trust for the benefit of creditors, contains provisions which are calculated, *per se,* to hinder, delay or defraud creditors, the fraud must be passed upon as a question of fact.

But if the necessary consequence of a conceded transaction is the defrauding of another, the transaction itself is conclusive evidence of a fraudulent intent, inasmuch as a party must be presumed to have intended the necessary consequences of his own act. And if, in such a case, against such evidence, a jury or referee should find that there was no fraud, it would become the duty of the court to set aside the finding.

And where an assignment on its face shows that it must *necessarily* have the effect of defrauding the creditors of the assignor, it is conclusive evidence of a fraudulent intent, and is void.

The same rule should prevail in cases where *extrinsic* facts and circumstances, admitted by the parties, or established by the evidence without dispute or explanation, make the assignment *necessarily* fraudulent according to the law of the case.

An overstatement of the amounts of certain preferred debts will not render an assignment *necessarily* fraudulent. The assignees are not bound to pay the debts at the amounts therein specified.

They are bound to pay the debts at their just amounts, and nothing more. They may require proof as to the amounts, and it is their duty to do so, if they have reason to believe the amounts are not correctly stated, in the assignment.

The fact that the assignor, within twenty days after the date of the assignment, stated the true amount of his debts in an inventory required by law to be filed in the clerk's office, to complete the assignment, is some evidence, taken in connection with other circumstances, tending to dis-

prove a fraudulent intent in overstating the amount of the debts, in the assignment.

And the fact that at the time when the assignment was executed, the assignor did not know the exact amount of his debts, for the reason that his books had not been posted, for three months, is a circumstance tending in the same direction.

And so in respect to the circumstance that the assignor was advised by his counsel, in regard to one of his debts, that it would answer to state its amount as nearly as he could, in the assignment, and that it could be adjusted when the books were written up.

In an action where the validity of an assignment was impeached, the jury were instructed that the preference of a debt of $800 to G. when only $225 were due, *prima facie* made the assignment void ; and that unless they could see clearly, in the facts and circumstances shown by the evidence, that there was no intention to prefer G. for more than was actually due, but that it was simply a mistake, the validity of the assignment was not established as against creditors. *Held* there was no valid ground of objection to this charge.

ACTION to recover the possession of a stock of hardware goods. The plaintiffs made title to the goods by a purchase thereof from Barnard Horsdreller and Joseph Galen, assignees of John R. Galen, in an assignment made for the benefit of creditors. The defendant justified the taking, as under sheriff, by virtue of an attachment issued in a suit in the supreme court, brought by E. Corning and others against John R. Galen, which suit was prosecuted to judgment and execution ; and the defendant claimed that the goods, at the time of the taking, were the property of said John R. Galen, and sought to show that the assignment of Galen to the plaintiffs' vendors was fraudulent, and that the plaintiffs, or one of them, had notice of such fraud, at the time of their purchase. The jury found a verdict for the plaintiffs.

Several exceptions were taken by the defendant, on the trial, to decisions upon questions of evidence. At the close of the proofs the defendant's counsel moved for a nonsuit, on several grounds ; which motion was denied, and the defendant excepted. Various exceptions were also taken by the defendant to the charge of the court. And several requests were made by his counsel, to charge in accordance with prop-

ositions submitted, which requests were declined, and exceptions were taken by the defendant.

A motion was made by the defendant, at a special term, for a new trial, and the motion was denied. The defendant then appealed to the general term.

*T. R. Strong,* for the appellant.

*W. F. Cogswell,* for the respondent.

*By the Court,* JAMES C. SMITH, J.  It is provided by section 4, title 3, of the chapter of the revised statutes, entitled "Of fraudulent conveyances and contracts relative to real and personal property," that the question of fraudulent intent, in all cases arising under the provisions of that chapter, shall be deemed a question of fact, and not of law. (2 *R. S.* 137, § 4.)   In pursuance of that provision it has been held, repeatedly, that where an assignment by an insolvent debtor contains provisions which are calculated, *per se,* to hinder, delay or defraud creditors, the fraud must be passed upon as a question of fact.   (*Vance* v. *Phillips,* 6 *Hill,* 433.  *Goodrich* v. *Downs, Id.* 438.  *Dunham* v. *Waterman,* 17 *N. Y. Rep.* 9, *per Selden, J. p.* 21.  *Babcock* v. *Eckler,* 24 *id.* 623, *per Sutherland, J. pp.* 631, 632.) The decision of the circuit judge on the trial of the case before us, overruling the defendant's motion for a nonsuit, was therefore correct.

But the cases above cited also hold that if the necessary consequence of a conceded transaction is defrauding another, the transaction itself is conclusive evidence of a fraudulent intent, as a party must be presumed to have intended the necessary consequences of his own act; and if in such a case, against such evidence, a jury or referee should find that there was no fraud, it would become the duty of the court to set aside the finding.   And where an assignment *on its face* shows that it must *necessarily* have the effect of defrauding

the creditors of the assignor, it is conclusive evidence of a fraudulent intent, and is void. (*Cunningham* v. *Freeborn*, 1 *Edw. Ch.* 256. *S. C.* 3 *Paige*, 557. *S. C.* 11 *Wend.* 240. *Nicholson* v. *Leavitt*, 2 *Seld.* 510.) I am of opinion the same rule should prevail in cases where *extrinsic* facts and circumstances, admitted by the parties or established by the evidence without dispute or explanation, make the assignment *necessarily* fraudulent according to the law of the case. (*See opinion of Nelson, J. in Cunningham* v. *Freeborn*, 11 *Wend.* 254, 255; *Webb* v. *Daggett*, 2 *Barb.* 9; *Opinion of Denio, J. in Edgell* v. *Hart*, 5 *Seld.* 219.) But the case before us is not of either of the classes above described. It is not claimed that the assignment is fraudulent on its face. It appears, however, by extrinsic evidence, that certain preferences in the assignment, especially that in favor of Joseph Galen, are for larger amounts than the debts owing to the creditors thereby preferred, and it is insisted on the part of the defendant that those preferences are not open to explanation, and are, *per se*, conclusive evidence of a fraudulent intent. That position is untenable. The over statements of the amounts of the preferred debts do not make the assignment *necessarily* fraudulent. The assignees are not bound to pay the debts at the amounts therein specified. The provisions of the assignment, upon that point, are the following: The assignees are first required, in general terms, to pay "the debts due or to grow due from the assignor, or for which he is liable, to the following persons." Then follows a specification of creditors, and the debts owing to them, in which the debt to Joseph Galen is described in these words: "Eight hundred dollars on account for services as clerk, since April, 1860." Some of the other preferred debts are stated at "about" the sums specified. It is not disputed that a debt of *some* amount, of the nature specified in the assignment, was owing to each of the preferred creditors, including Joseph Galen. Under these circumstances it is apparent the

assignees are bound to pay the debts, at their just amounts, and nothing more. They may require proof as to amounts, and it is their duty to do so if they have reason to believe the amounts are not correctly stated in the assignment.

In considering the question whether the evidence of fraud in this case is conclusive, it is proper to advert to the nature of the principal testimony introduced by the defendant to show that the debts were over stated in the assignment. The defendant gave in evidence, the inventory which the assignor made and delivered to the county judge, within twenty days after the date of his assignment, for the purpose of completing that instrument, as required by the act of 1860. (*Laws of* 1860, *ch.* 348, *p.* 594.) The act provides that the inventory thereby required, shall contain, among other things, " the sum owing to each creditor, and the nature of each debt or demand, whether arising on written security, account or otherwise." In compliance with this provision, the inventory made by Galen, the assignor, stated the sum owing by him to each creditor, including those who were preferred, and in several instances it stated the debts at less sums than they were stated to be in the assignment. The defendant concedes, and indeed assumes, that the statement in the inventory is truthful, for he relies upon it as evidence that the amounts stated in the assignment are untrue. The very fact that the assignor, shortly after making the assignment, thus stated the true amount of his debts in an instrument which he was required by law to make, and which was necessary to the validity of the assignment, and which was moreover required by law to be filed in the same public office in which the assignment was to be recorded, is some evidence, taken in connection with the other circumstances testified to on the part of the plaintiffs, tending to disprove a fraudulent intent in respect to the over statement of the amount of the debts. As this evidence is introduced by the defendant, it is not liable to the objection on his part that it is a mere declaration.

Besides, in view of the provisions of the act of 1860, there is much reason for holding that the inventory is to be regarded as a part of the transaction, and is to be read in connection with the assignment, in respect to those matters which it is required by law to contain.  (*Terry* v. *Butler,* 43 *Barb.* 395.) There is also other testimony in the case tending in the same direction, such as the circumstance that at the time when the assignment was executed the assignor did not know the exact amount of his debts, by reason of the fact that his books had not been posted for three months, and the further circumstance that the assignor was advised by his counsel, in respect to one of the debts, that it would answer to state its amount as nearly as he could, in the assignment, and it could be adjusted when the books were written up.    It is therefore manifest that there was considerable testimony before the jury tending to disprove a fraudulent intent ; and although, looking at all the evidence, I should have been better satisfied with a finding the other way, I am of opinion there is sufficient to sustain the verdict which the jury rendered, affirming the good faith of the assignment, and we would not be justified in setting it aside as against evidence.

Nor is there any valid ground of exception to the charge of the judge in submitting the question of intent to the jury. They were instructed that the preference of a debt of 800 dollars to Joseph Galen when only 225 dollars were due, *prima facie* made the assignment void ; and that unless they could see clearly, in the facts and circumstances shown by the evidence, that there was no intention to prefer Joseph for more than was actually due, but that it was simply a mistake, the validity of the assignment was not established, as against creditors.    This instruction was clearly right.

The requests to charge were fully covered by the charge as delivered.

The only other questions in the case relate to the admission or rejection of testimony.    I have attentively considered them,

but have failed to discover any error in the rulings to which they relate.

The order of the special term denying a new trial should be affirmed.

Order affirmed.

[MONROE GENERAL TERM, June 5, 1865.  *Johnson, J. C. Smith* and *E. Darwin Smith*, Justices.]