JOHN C. MAACK, APPELLANT, *v.* JOHN F. MAACK, AS ASSIGNEE, ETC., OF, AND ELIZA MAACK, AS ADMINISTRATRIX, ETC., OF JOHN H. MAACK, DECEASED, RESPONDENTS.

*General assignment for the benefit of creditors — it is not rendered invalid by a preference given to persons described as a defined class, and not by name.*

An action was brought by a judgment-creditor of John H. Maack to set aside an assignment for the benefit of his creditors, made by him to John F. Maack, upon the ground that it was, upon its face, fraudulent and void, as against his creditors, because it contained the following provision: "And whereas the said party of the first part is now and has been carrying on a grocery and feed store in said village of Little Valley, and is owing divers bills for goods sold to him in said business, and the party of the second part shall pay and discharge and pay in full all debts due or to become due for goods sold to the party of the first part in said grocery and feed business, the particular items of which the party of the first part is now unable to mention."

*Held,* that this provision was not void for uncertainty, nor did it vest an unauthorized power in the assignee to determine who were entitled to the benefit of it.

APPEAL from a judgment entered on a decision of the court at the Cattaraugus Special Term, dismissing the complaint on the merits. After the commencement of the action John H. Maack, the assignor, died, and Eliza Maack, as administratrix, was substituted as defendant in his place.

*Nash & Lincoln,* for the appellant.

*F. W. & E. F. Kruse,* for the respondents.

BRADLEY, J.:

The plaintiff, a judgment creditor of John H. Maack, brought this action to set aside the assignment made by the latter for the benefit of his creditors to the defendant John F. Maack, and charges that it is upon its face fraudulent and void as against such creditors, and that it is rendered so by the provision in it which is as follows: "And whereas the said party of the first part is now and has been carrying on a grocery and feed store in said village of Little Valley, and is owing divers bills for goods sold to him in said business, and the party of the second part shall pay and discharge, and pay in full all debts due or to become due for goods sold to the party of the first part in said grocery and feed business, the particular items of which the party of the first part is now unable to mention."

The purpose of this provision appears to have been to prefer the class of creditors mentioned. The contention, on the part of the plaintiff is that, as a preference, the direction to make payment is void for uncertainty, that it vests an unauthorized power in the assignee to determine who are entitled to the benefit of it. The power of the assignee depends upon the direction and authority given by the assignment. The distribution of the assets must be made as the assignor by the instrument may have directed, and the assignee cannot depart from it. (*In re Lewis*, 81 N. Y., 421.) And any attempt, by provision to that effect, to delegate to the assignee power to determine or make future preferences, or any discretion in that respect, would, as against the creditors, vitiate the assignment, and the effect would be the same of a provision preserving to the assignor the right to designate future preferences. The rights of the creditors in that respect must be fixed by the terms of the assignment, and so settled as to be ascertainable and ascertained by its provisions, and as to enable the assignee to execute the trust. (*Boardman* v. *Halliday*, 10 Paige, 223 ; *Sheldon* v. *Dodge*, 4 Denio, 217; *Frazier* v. *Truax*, 27 Hun, 587.) "

The right of creditors is to have the property of the insolvent debtor unqualifiedly appropriated to the payment of his debts ; and any power, by the terms of an assignment, in trust for the benefit of creditors (except such as is necessarily incident to its execution), which enables the assignee to delay its execution, or which vests him with discretion in that respect, renders it void as against them. (*Jessup* v. *Hulse*, 21 N. Y. 168 ; *Rapalee* v. *Stewart*, 27 id., 310 ; *McConnell* v. *Sherwood*, 84 id., 522.) The creditors embraced within the provisions of the preference in question are described as a class and not by name. They are those to whom the assignor was owing for goods sold to him in his grocery and feed business, which he had been carrying on in the store operated by him. The objection is that because those creditors, and the debts in view, were without any other designation in the assignment to guide the assignee, the matter of determination what were such debts and who were such creditors was left to the judgment, and in some sense the discretion, of the assignee. The question for him is one of identity, which, in a greater or less degree, not unfrequently arises, and imposes upon such a trustee the necessity of ascertaining,

by the best available means of information, the identity of persons who may be entitled to payment, and of the debts which the execution of his trust requires him to pay. There is no apparent legal objection going to the validity of an assignment merely because it describes preferred creditors as a defined class.

In *Bank of Silver Creek* v. *Talcott* (22 Barb., 550) the assignment, by way of preference, directed the assignee to pay to the laborers and workmen of the assignors, residing in Albany and Buffalo, the amounts due them, respectively, for work, labor and services done and performed for the assignors. This was held to be a valid provision of preference, and the assignment was supported. And the statute has inserted into every assignment, for the benefit of creditors, a provision preferring the wages or salaries owing to the employees of the assignors at the time of the execution of the assignment (Laws of 1884, chap. 328), although such provision or any reference to such creditors may not, in fact, be expressed in such instrument. (*Richardson* v. *Thurber*, 104 N. Y., 606; *Burley* v. *Hartson*, 40 Hun, 121.) The like duty is placed upon the assignee to ascertain, distinguish and discriminate as to the creditors and nature of the debts preferred in those cases as in that in question; and this burden was assumed by him in the acceptance of the trust. The difficulty of executing it bears upon the measure of responsibility assumed, rather than upon the question of validity of the trust conferred upon him, and, therefore, the provision referred to cannot be said to have the effect to hinder and delay the creditors in the collection of their debts, in the sense which those terms are used, in their application to the transfer by a debtor of his property. Human methods may not be perfect, nor is the testimony of witnesses always so. The execution by the assignee of his trust, and the manner which he has performed his duty, may be the subject of judicial inquiry and review, upon which the creditors, to whom he is responsible, can be heard.

There seems to be no occasion to disturb the conclusion of the trial court.

The judgment should be affirmed.

HAIGHT and DWIGHT, JJ., concurred; BARKER, P. J., not sitting.

Judgment affirmed, with costs.