JAMES H. FAY, as Assignee, etc., of MARSHALL LEFFERTS & CO., Respondent, v. HUGH J. GRANT, Sheriff, etc., and LAZARUS LISSBERGER and Another, Appellants.

*Assignment by a firm — retention by the assignors of money for future living expenses — to vitiate the assessment a fraudulent intent must be shown.*

Immediately prior to the making of a general assignment by a copartnership the partners drew $557.30 from the funds of the firm because they had nothing to live upon. This amount was less than one per cent of the assets of the firm, and as soon as the assignee learned of this misappropriation of the money he made a demand upon the assignors therefor and the same was returned.

The assignors testified that in making this disposition of the money they had no intention to cheat their creditors.

In an action brought by the assignee to recover property of his assignors, levied upon under attachments issued in favor of creditors of such assignors:

*Held,* that a question was presented for the consideration of the jury as to whether this amount was dishonestly, and with a fraudulent purpose of benefiting the assignors at the expense of the creditors of the firm, retained by such assignors.

That such evidence did not justify a dismissal of the complaint, as unless a fraudulent intent was established at the time of the execution of the assignment it could not be set aside.*

Appeal by the defendants from a judgment, entered at the New York Circuit upon the verdict of a jury, for the recovery of property, the value of which was assessed at $12,576.79, and the damages for its unlawful withholding at $679.09, which judgment was entered in the office of the clerk of the county of New York on the 8th day of February, 1888, and from an order denying the defendants' motion for a new trial, entered in the said office on the 1st day of February, 1888.

*Mr. Kingsbury,* for the appellants.

*John E. Parsons* and *George Walton Green,* for the respondent.

Van Brunt, P. J.:

This action was brought by the plaintiff as assignee of Marshall, Lefferts & Co., under a general assignment for the benefit of creditors, to recover possession of personal property taken by the sheriff on attachment in five suits against Lefferts & Co., by the

---

* See *Rothschild* v. *Salomon* (52 Hun, 486).—[Rep.

defendants Lissberger and Schultz upon an indemnity given by them to the sheriff. The defense was that the assignment was fraudulent. The charges of fraud were submitted to the jury and no complaint is made as to the manner in which these questions were presented to the jury, and the only exceptions which raise the questions argued upon this appeal arise upon the denial of the motion to dismiss the complaint upon the termination of the plaintiff's case, and upon the refusal of the learned judge to charge the requests of the defendant.

Various other questions are argued upon the points of the defendants, but they do not appear to have been raised by any sufficient exception and consequently are not considered in the disposition of this appeal. The grounds upon which the defendants claimed a dismissal were that the evidence showed a withdrawal of moneys for the personal use of the assignors after the assignment had been determined upon, and in contemplation thereof, and a withholding of money from the assignee, which withdrawal and withholding is entirely unexplained. It appears that immediately prior to the making of the assignment the copartners drew $557.30 from the funds of the firm because they had nothing to live upon. It was testified to by the assignors that in making this disposition of the money they had no intention to cheat their creditors, and that the amount was less than one per cent of the actual assets of the firm, and that as soon as the assignee learned of this appropriation of the money he made a demand upon the assignors and the same was returned. The question presented is whether, as matter of law, upon the evidence in this case, fraud was established. It is said by all the cases cited that fraud is a matter of fact, although from certain facts a presumption of fraud must necessarily arise. Under circumstances like those in the case at bar, it was held in *Shultz* v. *Hoagland* (85 N. Y., 464), that unless a fraudulent intent is established at the time of the execution of the assignment, it cannot be set aside, and that facts which are, when taken together and aggregated, consistent with an honest intent cannot form the basis of an allegation of fraud. Acting upon the rule as thus laid down, the learned judge correctly decided that this was not a question of law upon which he could pass, but that it should be submitted to the jury for their consideration. He submitted the question clearly and distinctly to the jury, and the question presented to them was whether this amount was dis-

honestly, and with the fraudulent purpose of benefiting the assignors at the expense of the creditors, retained by the assignors. And they were instructed that if they found that there was a fraudulent purpose in this particular that it would vitiate the entire assignment. The jury found no such fraudulent intent, and that this money was taken in entire good faith by the assignors. And upon this finding we cannot say, as matter of law, that from the simple facts proven, a fraudulent intent necessarily followed the taking of this money for the purposes to which the assignors have testified. These questions of fraud are peculiarly such as should be passed upon by the jury, and if any inference consistent with good faith can be drawn from the testimony, it is the duty of the court to submit such a question to the jury. If this question had been tried before the court without a jury, and the court had found upon the evidence that such fraudulent intent existed, it may be that such a finding would be upheld. Or, if the jury had so found, the court would not interfere with that verdict.

The only other question presented by the exceptions is to the refusal of the request to charge that as a number of promissory notes, forming a part of the claim preferred in favor of the plaintiff in the assignment, were not paid and retired from the banks that held and owned the same until the maturity of the notes, several months after the execution of the assignment, and as a prompt compliance of the assignee with the directions contained in the assignment, in so far as he was therein directed to pay, would, of necessity, have resulted in an improper diversion of the funds, that the unqualified direction in the assignment to make such disposition of the funds of the estate was, therefore, invalid and rendered the assignment void in law. This proposition is claimed to be established by the evidence showing that certain notes which had been delivered by Lefferts to Fay for borrowed money, had been discounted by Fay in several banks, which fact was not known to the assignors at the time of making the assignment. This clearly was no fraud upon the creditors. It was intended to prefer the claim of Fay, and simply because the notes given to him for security, and which he had indorsed upon being discounted in the banks, were not in his possession at the time the assignment was made did not indicate a fraudulent intent, nor was a fraudulent preference established

thereby; and the court, therefore, was justified in refusing to charge that simply because Fay had parted with the notes, upon which he was liable, to the persons who had discounted them, and that, too, without the knowledge of the assignors, that the assignment thereby became fraudulent.

It was further claimed, in support of the motion for a new trial, that the assignors, although knowingly insolvent for years, in anticipation of the assignment, bought an extra quantity of goods immediately prior to the assignment, and this was not explained. There was disputed evidence upon this point. Explanations were given by the assignors in regard to these purchases and different deductions might be drawn from the transactions in regard to the purchases made by the assignors during the period anterior to the insolvency. The question was laid before the jury as to whether these purchases were made with any fraudulent intent or with the ultimate purpose of making an assignment with preferences, whereby the goods might be disposed of for the purpose of paying their preferred creditors, and the jury found that the evidence did not justify any such conclusion and we see no reason for disturbing their finding.

There was some question raised upon the point in regard to the amount preferred — that it was $200 more than was actually due. It appears from the evidence that it was intended to make it somewhat less than the amount actually due, and explanations were given as to how the amount was arrived at. This question was disposed of by the jury contrary to the contention now made, and their finding is final. All the questions involved were simply questions of fact; the evidence was of that character as to which different conclusions might be drawn; and as the question of intent is the question which underlies the whole transaction, and as a fraudulent intent must be made out, the jury were justified in coming to the conclusion which they did. The labor in the examination of this case has been greatly magnified by the totally inadequate index, not a single exhibit being indexed.

We are of opinion that there were no errors appearing on the record which call for a reversal, and that the judgment and order must be affirmed, with costs.

BARTLETT, J., concurred.

Judgment and order affirmed, with costs.