| 54 | 461 |
| 130a | 585 |
| 54 | 461 |
| 80 | 59 |

ELLIS H. ROBERTS & CO., PLAINTIFF, v. GEORGE F. VIETOR, CARL VIETOR, THOMAS ACHELIS, JR., AND JOHN ACHELIS (COMPOSING THE FIRM OF FREDERICK VIETOR & ACHELIS), APPELLANTS, PATRICK F. BULGER, AS ASSIGNEE, ETC., AND WILLIAM E. SHIRLEY, RESPONDENTS, IMPLEADED WITH JOHN BUCKLEY AND OTHERS, DEFENDANTS.

*Assignment for creditors — preference, indefinite in its description of the creditor preferred — findings of a referee as to fraud — that no books of account were kept will not justify the setting aside of the assignment.*

In an action brought to set aside a general assignment for the benefit of creditors, made by Buckley & Shirley to one Bulger, the assignment was claimed to be fraudulent and void on the ground that, on its face, it preferred a debt of "L. Coon, agent or individually, New York, money loaned, promissory note made by assignors, indorsed by A. J. McIntosh, payable to L. Coon, agent or individually, unable to say which, dated March 2, 1886, due in four months, $2,500, interest from March 2, 1886."

It was found by the referee that the note so preferred had its origin in a loan made by one Mrs. Feuchtwanger to Buckley & Shirley, and that the note really belonged to her, and not to L. Coon.

*Held,* that as there was nothing in this case to show that the assignors did not honestly describe the debt in question as best they could, or that they did not suppose that the note was held by Coon, either in his own right or as agent, and as there was no evidence from which it could be held that if a mistake was made in describing the debtor it was not an honest one, it did not render the assignment void " on its face."

*Maack* v. *Maack* (49 Hun, 507) followed.

It was claimed that a debt of Adelia J. Sparks, which was preferred, was the debt of Buckley, Myers & Co., and that it had been assumed by Buckley & Co. without consideration. On the trial it. appeared that the money was loaned to the firm of Buckley, Myers & Co., prior to August 10, 1878, and that the note was held by Sparks until one of the members of that firm died, leaving Buckley & Shirley as the sole surviving partners thereof, and that thereafter, and on January 8, 1884, she surrendered it to Buckley & Shirley, and received therefor the note of Buckley & Shirley for the amount of her note and interest.

*Held,* that, under such circumstances, the note given her by Buckley & Shirley was not invalid, and that the preference of that debt did not render the assignment void as to their creditor, Shirley.

Cases upon this question collated by MARTIN, J.

A claim that Buckley & Shirley had fraudulently disposed of their property was founded solely on a finding of the referee: "That at various times between

March 29, 1884, down to and on the 2d day of March, 1886, Buckley & Shirley stated and represented to several of their creditors and mercantile agencies that they had a surplus of at least $40,000, over and above their debts and liabilities," and "that no business losses had been shown to have occurred to Buckley & Co. sufficient to wipe out such surplus between the dates of such statements and representation and the date of the last assignment."

*Held,* that as there was no proof, except that contained in this finding, that Buckley & Shirley had disposed of any of their property fraudulently, nor any finding of the referee that any such fraudulent disposition of their property had, in fact, been made, but as, on the contrary, the referee had found that the assignment was made in good faith, the court could not hold, as matter of law, that there had been any fraudulent disposition of their property by that firm.

That the fact that Buckley & Shirley kept no ledger, and kept no cash-book, was not sufficient evidence of fraudulent intent to render the assignment fraudulent and void.

APPEAL by certain of the defendants, composing the firm of Frederick Vietor & Achelis, from a judgment which was entered, upon the report of a referee, in the office of the clerk of Onondaga county on the 3d day of July, 1888.

*James Dunne,* for the appellants.

*W. A. Matteson,* for Spencer and others, judgment-creditors, respondents.

*Risley, Quin & Perry,* for Bulger, as assignee, respondent.

MARTIN, J.:

The primary object of this action was to set aside a general assignment for the benefit of creditors, made by the defendants Buckley and Shirley to the defendant Bulger.

On the trial the appellants sought to impeach the assignment as fraudulent and void on the grounds : 1. That on its face it preferred a debt of L. Cohn, agent or individually, thus failing to show the creditor intended to be preferred.    2. That Cohn was not a creditor of Buckley & Co.    3. That the debt of Chloe Spencer, which was preferred, was the individual debt of Shirley.    4. That the debt of Adelia J. Sparks, which was preferred, was the debt of Buckley, Myers & Co., and assumed by Buckley & Co. without consideration. 5. That the debt of Daniel G. Major, which was preferred, had

been partly paid, was fictitious in part, and a part was for money loaned to the defendant Buckley individually. 6. That Buckley & Co. had fraudulently disposed of their property. 7. That Buckley and Co. had fraudulently and collusively allowed the defendants Major, Spencer, Sparks and Wheeler, to obtain judgments for the sums preferred in the assignment, and which were not owing to them. 8. That Buckley & Co. had failed to keep proper books of account.

As the appeal-book does not contain the evidence given before the referee, except that relating to the validity of the preferences of the debts of Mrs. Spencer and Daniel G. Major, we are not called upon to review the facts in this case except so far as they relate to the preference of those debts. All other are legal questions and founded on some alleged error of law. (*Billings* v. *Russell et al.*, 101 N. Y., 228.) Before proceeding to examine the legal questions involved, it will be necessary to examine the facts relating to the debts of Spencer and Major, as our determination of those questions may have an important bearing upon the questions of law to be subsequently considered.

Proceeding in the order of examination suggested, we are at first presented with the question, whether the debt of Chloe Spencer was an individual debt of Shirley, one of the members of the firm of Buckley & Co., or whether it was the debt of the firm. The referee has found that on the 13th day of February, 1884, Mrs. Spencer loaned to the firm $3,000, for which the firm gave her its note; that the note has not been paid, and was preferred in the assignment. We have carefully examined the evidence relating to this claim, and are of the opinion that it fairly sustains the finding of the referee that this was a firm debt, and that his finding upon that question should not be disturbed.

This brings us to the examination of the claim of the defendant Major. The statement of his debt in the schedule, which was a part of the assignment, was substantially as follows: Daniel G. Major, Washington, D. C., money loaned, in accounts and notes, which assignors are unable to describe, amount about $12,000; date of interest, $1,000, January 12, 1883; $1,500, August 8, 1883; $500, October 4, 1883; $1,000, February 1, 1884; $3,000, February 10, 1884; $5,000, May 23, 1884, as near as assignors are able to state.

The referee has found that there was actually due from Buckley & Co. to Major on the day the assignment was made the sum of $12,656.38 ; that the assignors, while they did not pretend to describe the debt of Major in the assignment accurately, did intend to prefer the debt actually due, and supposed they were doing so, and that in so describing said debt there was no intent, to hinder, delay or defraud their creditors, on the part of the assignors. The evidence and findings of the referee are also to the effect that a $1,500 note held by Major against Buckley & Co. had been paid ; that, at the time of such asssignment, Buckley & Co. did not owe him $1,000 obtained January 12, 1883, nor $5,000 obtained May 23, 1884 ; that $1,000 of the money advanced by Major was to pay rent on the store occupied by Buckley & Co., the lease of which had been assigned to Major ; that Major never occupied the store nor received the rent for the same, but the rent was paid by Buckley & Co. to the landlord ; that some of the items advanced by Major were advanced by sending his check or drafts payable to Buckley or to Buckley's wife, and were not charged upon the firm books of Buckley & Co.

Upon the questions which arose as to the $1,500 debt that was paid, the statement in the assignment as to the interest on $1,000 from January 12, 1883, and $5,000 from May 23, 1884, as to the thousand dollars advanced to pay rent, and as to the money advanced, which was sent by check or draft to Buckley or his wife, considerable evidence was given. The evidence tended to show that all the money sent or advanced by Major was in fact loaned to Buckley & Co. The reasons for sending such checks or drafts to Buckley or his wife were given. The evidence also tended to show that the fact that the $1,500 had been paid was forgotten by the parties, and that mentioning that sum, as well as the sums of $1,000 and $5,000 in the assignment, was a mistake, and arose from the fact that the assignors were unable to determine the precise sum due, and that this condition of affiairs arose out of the relation of the parties and the manner in which the business between them had been transacted. We think the evidence was sufficient to justify the referee in finding that the assignors intended to prefer the debt actually due Major ; that they were guilty of no fraudulent intent in doing so ; that the debt preferred was a debt of Buckley & Co., and that no part of the debt

preferred was fictitious. We think the findings of fact by the referee were sufficiently sustained by the evidence and should be upheld.

This brings us to the consideration of the legal questions in the case. The referee found that the assignment was made and accepted in good faith, and with no intent to hinder, delay or defraud the creditors of the assignors; and held that the assignment was valid, and the preferences to the amount due the creditors preferred were also valid. The appellants now ask this court to reverse the findings and decision of the referee on the grounds above stated. In view of the importance of this case, it is perhaps due to the parties that we briefly examine each of the grounds relied upon separately. First, then, was the assignment void because in the preference of what is known as the Cohn debt the assignment failed to identify the creditor whose debt was intended to be preferred? The statement contained in the assignment as to this debt was as follows: "L. Cohn, agent or individually, New York. Money loaned. Promissory note made by assignors, indorsed by A. J. McIntosh, payable to L. Cohn, agent or individully; unable to say which, dated March 2, 1886, due in four mos., $2,500, interest from March 2, 1886." It appeared by the evidence, and was found by the referee, "that the note so preferred had its origin in a loan by one Mrs. Feuchtwanger to Buckley & Co., and the note really belonged to her, and not to L. Cohn."

The appellants contend that preferring this debt without specifying it as a debt owing Mrs. Feuchtwanger rendered the assignment void "on its face." We do not think so. That the debt intended to be preferred was accurately and fully described is not and cannot be denied. No debt but that described could have been intended, and no other could have been substituted in its place. That the loan was in fact obtained from or through Cohn is not disputed, nor is there any pretense that the debt evidenced by the note described had ever been paid. There is nothing in this case to show that the assignors did not honestly describe the debt in question as best they could, or that they did not suppose that the note was held by Cohn, either in his own right or as agent, nor is there any evidence from which it can be held that if a mistake was made in describing the debtor it was not an honest one.

In *Maack* v. *Maack* (49 Hun, 507), it was held that a provision in an assignment that the assignee should "pay in full all debts due or to become due for goods sold to the party of the first part in said grocery and feed business, the particular items of which the party of the first part is now unable to mention" was not void for uncertainty. (See, also, *Bank of Silver Creek* v. *Talcott et al.*, 22 Barb., 550; *Richardson* v. *Thurber*, 104 N. Y., 606.)

We do not think the description of the debt was so uncertain as to render the assignment void as a matter of law. These considerations also dispose of the second ground upon which the appellants seek to reverse the judgment in this case.

*Third.* The next and third ground insisted upon by the appellants is, that the debt of Mrs. Spencer was an individual debt of Shirley, and its preference rendered the assignment fraudulent and void. As we have already seen, the referee has found that the debt was a firm debt of Buckley & Co. This finding, we think, should be sustained, and thus the foundation for this objection does not, in fact, exist.

*Fourth.* We do not think that the appellants' claim that the debt of Adelia J. Sparks was fraudulently preferred can be sustained. The foundation of this debt was money loaned to the firm of Buckley, Myers & Co., prior to August 10, 1878, and for which she held the note of that firm. Myers, one of the members of that firm, subsequently died, leaving Buckley and Shirley as the sole surviving partners thereof. After Myers' death she continued to hold that note until January 8, 1884, when she surrendered it up to Buckley & Co., which firm consisted of Buckley & Shirley, and received therefor the note of Buckley & Co. for the amount of such first note and interest. This last note was preferred in the assignment of Buckley & Co., in 1884, and also by the assignment under consideration. No part of this note or debt has ever been paid. The consideration for the note given by Buckley & Co., was the surrender of the note made by Buckley, Myers & Co. Both Buckley and Shirley were liable on the note given by Buckley, Myers & Co., and were liable for the debt due Adelia J. Sparks from the time of its inception. Under such circumstances, we do not think that the note given her by Buckley & Co. was invalid, nor that preferring that debt rendered the assignment void as to the creditors of Buckley & Co. (*Stanton* v. *Westover et al.*, 101 N. Y., 265;

*Saunders et al.* v. *Reilly*, 105 id., 12 ; *Royer Wheel Co.* v. *Fielding*, 101 id., 504; *Crook* v. *Rindskopf*, 105 id., 476 ; *Williams* v. *Whedon*, 109 id., 333.)

*Fifth.* Nor do we think that the appellants' claim, that the preference of the Major debt rendered the assignment void, should be sustained. As we have already seen, the appellants' claim that this debt was partly fictitious and partly an individual debt of Buckley, is not sustained by the facts as found, and the claim that a portion of the debt has been paid has been explained by the evidence, which shows, at most, an honest mistake of the parties in supposing that this portion of the debt still remained unpaid. "While an excessive preference without explanation would invalidate an assignment, the ear of the court is not shut to facts which may establish an honest mistake." (*Brown* v. *Halsted*, 17 Abb. N. C., 197, 204 ; *Kavanagh* v. *Beckwith*, 44 Barb., 192, 197.)

*Sixth.* The claim of the appellants that Buckley & Co. had fraudulently disposed of their property is founded solely on the findings of the referee, " that, at various times, between March 29, 1884, down to and on the 2d day of March, 1886, Buckley and Shirley stated and represented to several of their creditors and mercantile agencies that they had a surplus of at least forty thousand dollars over and above their debts and liabilities," and "that no business losses have been shown to have occurred to Buckley & Co. sufficient to wipe out said surplus between the dates of such statements and representations and the date of the last assignment."

With no proof, except that contained in such findings, that Buckley & Co. had disposed of any of their property fraudulently, and without any finding by the referee that any such fraudulent disposition of their property had, in fact, been made, but with a finding that the assignment was made in good faith, we do not think that this court can hold, as a matter of law, that there had been any fraudulent disposition of their property by Buckley & Co.

*Seventh.* The referee has found that the judgments entered in favor of the defendants Major, Spencer, Sparks and Wheeler were entered in good faith and without any intent to hinder, delay or defraud the creditors of Buckley & Co., and that the amounts for which such judgments were rendered were due to the several judgment-creditors named, except that the judgment obtained by Major

was for $13,521.10, when it should have been for the sum of $12,656.38, but that "the error in stating the amount of and describing the claim in the complaint was innocently made, and with the belief that the allegations of the complaint setting forth the debt were true, and the offer of judgment was made and accepted in the same belief."

Assuming these facts, as we think we should, it is very difficult to perceive how the obtaining of such judgments would in any way invalidate the assignment. While we think it may be readily supposed that the purpose of obtaining those judgments was to insure the collection of the debts of these several creditors, even in the event that the assignment should fail, still, if we assume that such was their purpose, how does that affect the validity of the judgments if they were obtained in good faith and the assignment was made in good faith? We think not at all. Nor do we think that the manner in which these judgments were obtained rendered the assignment or the judgments fraudulent. (*Gutman* v. *McNulty*, 22 Week. Dig., 241; *Beards* v. *Wheeler*, 76 N. Y., 213; *Trier* v. *Hermann et al.*, 44 Hun, 489.)

*Eighth.* Nor can we discover in the fact that Buckley & Co. kept no ledger, and kept no general cash book a portion of the time, while engaged in business, sufficient evidence of fraudulent intent to justify us in holding that the assignment was fradulent and void.

We have thus examined separately and somewhat in detail the various grounds relied upon by the appellants for the reversal of the judgment in this action, but have found none which we regard as sufficient to justify us in so doing; and when we consider all these grounds together we are still of the opinion that they are not sufficient to justify a reversal of the judgment appealed from. This case has been fairly and carefully tried before an intelligent and upright officer, who has bestowed great care and industry in the examination and determination of this case. He has had the witnesses before him, become thoroughly familiar with the facts and their relation to each other, and his determination of the facts in this case should be regarded as final. As to the legal questions involved, so far as they relate to the construction of this assignment, the same rules should be applied as are applicable to the interpretation of other contracts. They are to be fairly and reasonably

construed with a view to carrying out the intent of the parties making them. Where, therefore, an interpretation may be given to the assignment, consistent with innocence and the general rules of law, it should be given in preference to one which would impute a fraudulent intent to the assignors or defeat the general purpose and intent of the conveyance. (*Crook* v. *Rindskopf*, 105 N. Y., 477, 485.)

Applying this rule to the questions involved, we think it quite manifest that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.