ELLIS H. ROBERTS & Co. *v.* JOHN BUCKLEY and Others and GEORGE F. VIETOR and Others, Appellants; PATRICK F. BULGER, as Assignee, etc., and Others, Respondents.

*Assignment for the benefit of creditors — error in the inventory — explained by parol evidence — an assignment honestly made cannot be invalidated by subsequent illegal acts — the intention to defraud presents a question of fact.*

Upon the trial of an action brought to set aside an assignment for the benefit of creditors, on the ground that it was made with the intent to hinder, delay and defraud the creditors of the assignor, evidence is competent on the part of the assignee to explain a mistake in the inventory in regard to the amount of a preferred debt, by showing the circumstances under which an amount in excess of the correct amount of such debt was put in the inventory, and that it was put therein in an absolute form by mistake and without intent to defraud; and the assignment may be sustained if it is made to appear that at the time of the assignment there was no intent to prefer the preferred creditor for more than the amount due him, and that the erroneous amount in the inventory was inadvertently inserted therein without any fraudulent intention.

If an assignment is executed with an honest intent, no subsequent illegal acts on the part of the assignor can invalidate it, but such acts may, in certain cases, be considered in determining what was the original intent.

Under the statute as it now stands an assignment for the benefit of creditors is good, although no inventory has ever been filed by the assignor, and, if one is

filed, the county judge has power by order to require or allow it to be corrected or amended; the inventory is not, therefore, an integral part of the assignment, and an invalid assignment cannot be made good by the inventory.

The fact that an item of a schedule attached to an assignment for the benefit of creditors does not state the exact amount of a preferred debt, or the precise dates from which interest is to be reckoned thereon, does not of itself invalidate the assignment.

The question whether an assignment for the benefit of creditors is made with the intent to defraud creditors is one of fact; in some cases, upon undisputed evidence, the fact may be determined as matter of law, and the presumption of an intent to defraud may be deemed conclusive.

APPEAL by the defendants, George F. Vietor and others, from portions of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 7th day of June, 1893, upon the report of a referee.

*George F. Danforth* and *James Dunn,* for the appellants.

*H. J. Cookinham* and *William P. Quinn,* for respondent Bulger as assignee.

*Matteson & Harvey,* for judgment creditors.

*W. Kernan,* for the assignors.

MERWIN, J.:

The important questions in this case arise upon the appeal of the defendants, composing the firm of Frederick Vietor & Achelis, and relate to the validity, as against creditors, of the general assignment of the defendants Buckley and Shirley. There have been two trials. Upon the first trial the assignment was sustained, and the judgment was affirmed at General Term. (*Roberts & Co.* v. *Vietor,* 54 Hun, 461.) Upon appeal to the Court of Appeals the judgment was reversed and a new trial ordered. (130 N. Y. 585.) Upon the second trial the assignment was again sustained. Whether that conclusion was correct is the main question now here.

The charge against the assignment is that it was made with intent to hinder, delay and defraud creditors. This charge is, as the case now stands, predicated upon the character of the preference in the assignment in favor of Daniel G. Major. This subject was considered by the Court of Appeals and its decision was based on the view

it took of that preference. Upon the last trial further evidence was given by the respondents, which they claimed bore upon the question of the intent of the assignors. This evidence the appellants claim was not competent, or, if competent, was not material, and that the decision of the Court of Appeals in substance required the referee to find the assignment fraudulent.

The assignment is dated March 17, 1886, and on that day it was executed, acknowledged, delivered and recorded. In this assignment there was preferred a partnership debt of "about $12,000" in favor of Daniel G. Major, the consideration of which was stated to be "money loaned;" its form was stated to be "account and notes which assignors are unable to describe," and under the head of "date for interest" there are stated several items amounting in the aggregate to $12,000, with a different date opposite to each, and at the end apparently applicable to all the items is the expression, "as near as assignors are able to state."

On the 7th of April, 1886, the inventory or schedule required by the statute (Chap. 466 of the Laws of 1877, § 2, as amended by chap. 318 of 1878) was filed, being executed and verified by the assignors. In this the indebtedness to Major is stated to be "$12,000 accounts and notes," and this is followed by a statement of dates and amounts which are identical with the dates and amounts in the assignment, but the qualifying words, "as near as assignors are able to state," are omitted.

It was shown and found upon each trial that at the time of the assignment Major had claims against the assignors on notes or accounts for money loaned, the principal of which was $12,538.75, and these, with interest to the date of the assignment, amounted to $14,139.35. As against these claims there were credits of money paid to Major from time to time, amounting, with interest to the date of the assignment, to the sum of $1,489.97. Deducting this, there was a balance due Major at the time of the assignment of $12,656.38. The items of Major's debt, as stated in the inventory filed April 7, 1886, with interest to the date of the assignment, amounted to about the sum of $13,501.70, thus showing an excess of $845.32 over the true amount of the debt. In view of this situation it is said, in the opinion of the Court of Appeals, as follows: "As we have seen, the inventory was filed twenty days there-

after, and in it the amount and items are stated without qualifying words, thus indicating that at that time the assignors were possessed of the requisite information to correctly describe them. This inventory we are to read in connection with the assignment, and so reading the instruments we think that it is apparent that the assignors not only have, but intended to absolutely and unqualifiedly prefer the claim of Major to the amount stated."

As the case stood, the inference of fraud as to the amount of the Major debt was deemed to be inevitable, and on that ground the finding of the court below that there was no fraud was considered erroneous and a reversal followed.

The additional evidence on the last trial was offered for the purpose of explaining the inventory in regard to the Major debt and of showing the circumstances under which it was made, and that it was made in the absolute form it was by mistake and without any intent to defraud. This evidence was competent (*Shultz* v. *Hoagland,* 85 N. Y. 464, 473; *Crook* v. *Rindskopf,* 105 id. 482; *Fay* v. *Grant,* 53 Hun, 44, 47; affd., 126 N. Y. 624; *Blain* v. *Pool,* 13 N. Y. St. Repr. 571; affd., 116 N. Y. 651; *Ellis* v. *Myers,* 28 N. Y. St. Repr. 120, 124) unless the Court of Appeals held that the statement in the inventory was conclusive on the subject. We think that the decision referred to should not be construed to that result. The general expressions in the opinion that might point towards that conclusion are to be deemed as used with reference to the facts of the case as they there appeared. There was there practically no explanation of the manner in which the qualifying expressions of the assignment were omitted in the inventory, and the court gave force to the presumption that the assignors designedly made the amount absolute.

The issue before the Court of Appeals on that subject was whether there was error in the finding that the assignment was not fraudulent, and the precise point decided was that there was error in that respect and that the evidence did not authorize the finding, and for that reason a new trial was granted. The question whether the inventory could not be explained was not before the court.

It is to be observed that under the statute as it now is an assignment is good although no inventory is ever filed by the assignor. So, if one is filed, the county judge has power, by order, to require

or allow it to be corrected or amended. It cannot, therefore, be said to be an integral part of the assignment. If the statement of the assignor in the inventory is conclusive, then the assignor, for twenty days at least after the assignment is executed and recorded, has the power at his will to destroy what might otherwise be perfectly valid. This result should not be yielded to unless it be absolutely necessary. The assignor, by his inventory, cannot make good what would otherwise be invalid. (*Porter* v. *Williams*, 9 N. Y. 142.) So, as said in the *Shultz* case, if the assignment was executed with an honest intent, no subsequent illegal acts on his part will invalidate it, although they may in certain cases be considered on the subject of the original intent.

Assuming, therefore, as I think we must, that the evidence offered by way of explanation was competent, the further question arises whether the situation is materially changed. For if it is not, the ruling of the appellate court must be followed. (*Mygatt* v. *Coe*, 142 N. Y. 81.)

From the explanatory evidence it appears that the assignment, including the schedules of preferences thereto attached, was prepared by Mr. Sherman, one of the attorneys for the assignors, from information which he supposed to be correct, and the Major debt was then stated to be $12,000 on account for money loaned, and specific dates and amounts were given for the purpose of the calculation of interest. These papers were presented by Mr. Cookinham to the assignors for execution. It was then stated by them that they were unable to give the correct amount of the debt or the items thereof, but that the amount of the debt was about $12,000, and thereupon Mr. Cookinham, with the knowledge of the assignors, changed the amount so as to make it read " about " $12,000, the form of the debt, so as to make it read " account and notes which assignors are unable to describe," and added to the statement of the dates and amounts for interest, the expression " as near as assignors are able to state." The papers were then executed. The inventory was afterwards prepared by Mr. Sherman from the same information that he had at the time he prepared the assignment and in the same form as to the Major debt as he originally prepared it, and·he did not then know that any change had been made in the statement of the Major debt or any qualifying words inserted. The inventory was executed

by the assignors in presence of Mr. Sherman, and the assignors had then no further or more definite information as to the amount and details of the Major debt than they had at the time the assignment was executed. Their attention was not called to the fact that their indebtedness to Major was stated in the schedules to the inventory without the qualifying words that were in the schedule attached to the assignment, and in verifying the inventory they relied upon their attorneys preparing it in proper form.

The referee finds that: "In stating their indebtedness to Major and the preference thereof in schedule 'C' of their assignment, the assignors did not intend to state, nor did they state, the exact amount due to Major. Nor did they intend to state in said schedule, nor did they state, the items which made up the indebtedness; but they did intend to state, and did state, about the amount of the debt and the dates from which interest was to be computed upon certain sums of money as near as the assignors were able to state them. The assignors, in and by their assignment and the schedule thereto, intended to prefer, and did prefer, only the debt which was actually due to said Daniel G. Major, with interest thereon from the time that interest was actually due and payable." He also finds that: "The assignors in verifying said inventory and schedules did so relying upon the attorneys to prepare the inventory and schedules in proper form, and in so verifying them acted in good faith, without any intent to hinder, delay or defraud their creditors, and with the honest intent to set forth their indebtedness to Major, as nearly as they were able, for the true amount due to Major, but without intending to state the precise amount due him, or the precise items which made up the debt, and without any intent to modify the statement of said debt as it was set forth in schedule 'C,' forming part of the assignment."

The fact that the assignment, or schedule C thereto attached, did not state the exact amount of the Major debt, or the precise dates from which interest was to be reckoned, would not of itself invalidate the assignment. (*Maack* v. *Maack*, 49 Hun, 507; *Bank of Silver Creek* v. *Talcott*, 22 Barb. 550; *Brainerd* v. *Dunning*, 30 N. Y. 211; *Butt* v. *Peck*, 1 Daly, 83; *Kavanagh* v. *Beckwith*, 44 Barb. 192; *Browne* v. *Weir*, 5 S. & R. 400; *Dedham Bank* v. *Richards*, 2 Metc. 105; *Brown* v. *Knox*, 6 Mo. 302; Burrill on

Assign. § 146 ; Bish. on Insol. Debtors, § 161.) The material circumstance then was as to the effect to be given to the positive statement in the inventory as bearing on the intent of the assignors at the time of the execution of the assignment. Unexplained and with the presumption that the assignors at the later date had become familiar with the true facts, it was deemed to so far characterize the original act as to make it in effect a positive statement, and so an intentional preference of an amount in excess of the true debt. By the new evidence it is made expressly to appear that at the time of the assignment there was no intent to prefer more than the true debt, and that the positive statement in the inventory was inadvertently inserted, and without any intention to change the qualified statement in the assignment. These were material circumstances and were vital in their character, and it should, therefore, I think, be said that the evidence now is materially different from what it was upon the first trial, and that the judgment of the appellate court is, therefore, not conclusive here.

The question whether the assignment was made with intent to defraud creditors was one of fact. In some cases upon undisputed evidence the fact may be declared as matter of law ; the presumption of an intent to defraud may be deemed conclusive. The present is, we think, not such a case as it now stands. The evidence authorized the referee to find that the assignors did not intend to prefer Major for more than was due him, and that the assignment was not fraudulent. These questions were primarily for the trial court to determine, and we are not prepared to say that the findings are against the weight of the evidence.

We do not deem it important to consider the effect of the amendment of the inventory made after the decision in the Court of Appeals. The referee ruled that it did not affect the rights of the appellants. The admission in evidence of those proceedings, if erroneous, was not prejudicial error.

The foregoing considerations lead to the conclusion that the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs to be paid by the appellants, Vietor & Co., to the respondent, the assignee.