### CONSTABLE et al. v. HARDENBERGH et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—FRAUD—WITHHOLDING ASSETS.

A finding that an assignor intentionally withheld from the assignee, with the latter's approval, and without the knowledge of the creditors, over $500 in cash, on pretense that he needed the money for family necessaries; that he fraudulently omitted said sum from the schedule of assets; and that such act operated as a fraud on the creditors,—warranted the conclusion of law that the money was retained with intent to defraud, and vitiated the assignment. Coursey v. Morton, 30 N. E. 231, 132 N. Y. 556, followed.

Appeal from special term, New York county.

Action by James M. Constable and others against Matthew Hardenbergh and others to set aside a general assignment as in fraud of creditors. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Selden Bacon, for appellants.
Jesse S. Epstein, for respondents.

RUMSEY, J. This is a judgment creditors' action, brought to set aside a general assignment, upon the ground that it was made

with the intent to hinder, delay, and defraud creditors. Several distinct frauds were alleged by the plaintiff in the complaint, but only one of them was found by the court.

The facts were that Hardenbergh & Co., on the 18th of July, 1893, made a general assignment to one Hirsch, preferring certain creditors. Their liabilities were about $70,500, and their assets were $42,437. At the time of the assignment the firm had, in cash in the store, about $834. They used something over $300 of that to pay some bills, and there remained in the neighborhood of $500, which was taken possession of by the assignors upon the advice and with the consent of the assignee. It was not delivered to the assignee. No mention of it was made in the schedules, and none of the creditors were notified of the fact that it had been taken. There was no dispute about the way in which it came to be taken. It was testified to by the assignee, who said that he told them that they might take any reasonable sum that they needed for their necessities, and that upon that advice they acted, and did take it. The court found that, on the morning of the execution of the assignment, and in contemplation thereof, the assignors, with the approval of the assignee, intentionally drew out from the assets of said firm, and appropriated to their own use, over $500, upon the pretense that they needed that amount of money to purchase necessaries for their families; that the assignors intentionally and fraudulently concealed and omitted the said sum of money from the schedule, which purported to contain a full and true statement of all the assets of the firm; that these intentional acts on the part of the assignors were a fraud upon their creditors, and operated to hinder, delay, and defraud them in the collection of their debts. As a conclusion of law, the court found that the assignment was fraudulent and void, and that it should be set aside.

The appellant does not object that the evidence is not sufficient to warrant this finding. The complaint he makes is that the fraudulent intent of the assignors in retaining the money was not found as a fact, but was deduced as a conclusion of law from the retaining of the assets. It is quite true that the mere fact that an assignor, at the time of making his assignment, retains a portion of the assets in his possession, is not, as a matter of law, conclusive upon the question of fraud. It may be explained, and, if the explanation is such as to satisfy the tribunal which passes upon the facts that there was no fraudulent intent on the part of the assignor, the assignment would not be set aside on account of it. Such was the case of Fay v. Grant, 53 Hun, 44, 5 N. Y. Supp. 910, where the plaintiff proved that the assignors retained certain inconsiderable sums of money out of the firm property; but the assignors gave evidence to show that it was done under a mistaken notion of their rights, and without any intent to defraud, and as soon as their attention was called to their mistake they paid back the money, and thereupon the case was submitted to the jury, who found that there was no fraudulent intent in doing the act. But while such retaining of assets is not necessarily fraudulent, if it is unexplained or connected with suspicious circumstances, it is sufficient to war-

rant a finding that the assignment in connection with which it was made was made with intent to defraud, and to set it aside. Coursey v. Morton, 132 N. Y. 556, 30 N. E. 231. In that case it was held that the intentional withholding and secreting by the assignor of assets of a substantial value from the possession of the assignee is a fraud upon the rights of creditors of the assignor, and renders a general assignment for the benefit of creditors void. That is precisely the condition of affairs here, as found by the court. This money was a substantial portion of the assets. In addition to finding that it was retained in contemplation of the assignment, the court found that it was fraudulently concealed and omitted from the schedule, and that it was done intentionally, and that it operated to defraud creditors, which was undoubtedly the case. The rule that a man is necessarily presumed to intend the natural consequences of his acts, which was laid down in Coursey v. Morton, supra, warranted the court in this case in finding that these acts of the assignors, which were fraudulently done, and operated to defraud, were done with the intent to defraud, and to deduce that intent as a necessary conclusion from the findings of fact.

There is no error in the judgment, and it must be affirmed, with costs. All concur.

