TERRY, receiver, &c., *vs.* BUTLER and others.

Where, in an action to set aside an assignment of property in trust for the benefit of creditors, the referee found as a fact that at the time of the execution of the assignment the assignor was in possession of all the property therein referred to, and had ever since continued in possession thereof; and that there was no delivery of it, or change in its possession; *Held* that this alone, in the absence of proof that the assignment was made in good faith, and without any intent to defraud creditors, authorized the conclusion of the referee, that the assignment was fraudulent and void, as against creditors.

The parties to an assignment must be deemed to have executed it in view of the provisions of chapter 348 of the Laws of 1860, p. 594, which require that every debtor making an assignment in trust for creditors shall, at the date thereof, or within twenty days thereafter, make and deliver an inventory or schedule of his creditors and debts.

The inventory, although not prepared until several days after the assignment is executed, is of the same effect as if it was made on the same day. And when completed, it is to be treated as if it had been expressly referred to in the assignment, as a schedule thereafter to be made; and is to be regarded as a part of the assignment, so far as it designates the creditors, and the amount and nature of their debts.

Hence it is not erroneous for a referee to find that debts embraced in the inventory are provided for in the *assignment,* although not expressly mentioned therein; and if such debts are of a fictitious character, the assignment is void.

In equity the separate estate of partners is not liable for partnership demands, until the partnership effects are exhausted and the separate debts are paid.

An order appointing the plaintiff receiver of the property of B. a judgment debtor, was founded on a demand owing by P. & B. as copartners. The property in the hands of their assignees, and which the latter were directed by the judgment to transfer to the plaintiff, was the separate property of B. The judgment also directed the receiver to apply the avails of said separate property to the payment of the said copartnership demand. *Held* that the judgment was erroneous, in the absence of any evidence that the separate debts of B. had been paid.

THIS action was brought by the plaintiff, as receiver of Benjamin Butler, a judgment debtor, to set aside as fraudulent a general assignment of his property, made by him to Gallery & Bassett, in trust for the benefit of creditors. The judgment upon which the plaintiff was appointed receiver was recovered by the Traders' Bank of Rochester,

Terry *v.* Butler.

upon a copartnership note made by the copartnership firm of Putnam & Butler, of which Benjamin Butler was a member. The case showed that, on the 26th of August, 1861, the defendant Butler, being insolvent, made an assignment of all his individual property, in trust for the payment of his individual debts. The assignment provided for the payment of certain specified debts, which were proved to be valid, and then directed the payment of all other debts legally owing by the assignor. Butler, on the 28th of May, 1860, had executed a mortgage to Patrick Quinn for $2500; on which $800 was due. On the 19th of December, 1860, he had executed another mortgage, to the same person, for $2750, on which nothing was due. Neither of these mortgages was mentioned or referred to, in the assignment. At the time of executing the assignment no inventory was made or contemplated by Butler; he not then knowing that an inventory was necessary. On the 12th day of September, 1861, Butler, with the assistance of one of the assignees, prepared an inventory of his debts and assets, in which he inserted the Quinn mortgages, for the whole amount, as debts owing by him. Neither of the assignees had any knowledge whatever, in regard to these mortgages. The assignees sold a part of the personal property, and were proceeding to sell the real estate when stayed by injunction, in this suit. The referee found that the Quinn mortgages were provided for in the assignment, and for that reason, and that alone, held the assignment to be fraudulent and void, and directed the assignees to convey all the assigned property to the plaintiff, and that the judgment described in the complaint be paid therefrom. Judgment being entered, upon the report, Butler and the assignees appealed.

*J. C. Cochrane,* for the appellants.

*Geo. F. Danforth,* for the respondent.

*By the Court,* JAMES C. SMITH, J. The argument of the appellants' counsel upon that branch of the case which re- lates to the validity of the assignment may be resolved into two propositions: first, that the conclusion of the referee that the assignment is fraudulent and void as against cred- itors, has nothing to support it except the fact found by him that the fictitious debt to Quinn was fraudulently provided for in the assignment; and secondly, that such finding of fact is against the evidence furnished by the assignment itself.

The first of these propositions overlooks the fact found by the referee, that at the time of the execution of the assign- ment, the assignor "was in possession of all the property therein referred to, and has ever since continued in posses- sion thereof, and that there was no delivery of it, or change in its possession." This fact, alone, in the absence of proof that the assignment was made in good faith, and without any intent to defraud creditors, authorized the conclusion of the referee.

In regard to the second proposition, it is true that the instrument of assignment, which was executed on the 26th of August, did not in terms provide for the payment of the Quinn mortgages. It did provide, however, for the payment, first, of certain debts therein specified, and secondly, of "*all other* debts legally owing" by the assignor, which latter debts were not specified. The parties to the assignment must be deemed to have executed it in view of the provisions of chap- ter 348 of the Laws of 1860, (p. 594,) which require that every debtor making an assignment in trust for creditors shall, at the date thereof, or within twenty days thereafter, make and deliver to the county judge, &c., an inventory or schedule containing, among other things, a full and true account of all the creditors of such debtor, the sum owing to each, and the true cause and consideration of each debt. The referee found that on the 12th of September the assignor, with the aid of Bassett, one of the assignees, prepared and verified an inventory which was presented to the judge and

filed, as required by said act, in which the Quinn mortgages were stated as debts owing by the assignor, to the amount of $5200. The referee also found that for all over $800 said mortgages were without consideration and were fictitious; and that the excess over $800 was fraudulently inserted in the inventory. In view of these facts and the provisions of the statute referred to, it seems to me that the inventory is to be regarded as a part of the assignment, so far as it designates the creditors of the second class, and the amount and nature of their debts, especially as in respect to those points the assignment itself is silent. Although the inventory was not prepared until the 17th day after the assignment was executed, it is of the same effect as if it was prepared at the date of the assignment. (*Sec.* 2 *of the act.*) And although it is a separate instrument, yet as the assignor was required by law to prepare it, in order to make his assignment complete, I think it is to be treated as if it had been expressly referred to in the assignment, as a schedule thereafter to be made, of the creditors provided for in the second class. When it was made and filed it clothed the debts therein specified with *apparent* legal validity, and entitled them to be paid according to the provisions of the assignment; and I apprehend if the assignees, relying upon the statement in the schedule, had paid such debts in good faith, without knowledge of their fictitious character, they would have been protected in so doing. These views do not militate against the well established doctrine relied upon by the appellants' counsel, that upon the execution and delivery of a general assignment in trust for the benefit of creditors, the rights of the parties to it are fixed, and the creditors provided for acquire rights which neither the assignor nor the assignee can thereafter change. The schedule changed no rights under the assignment. It merely supplied an omission in that instrument by designating the creditors who were embraced in the second class.

If these views are correct, it follows that the finding of

the referee that the Quinn mortgages were provided for in the *assignment*, is not unauthorized.

But there is another branch of the case, in respect to which a serious difficulty exists, which does not seem to have been adverted to before the referee, and which requires a reversal of the judgment. The order appointing the plaintiff receiver was founded on a demand owing by Putnam & Butler as copartners. The property in the hands of the assignees, and which they are directed by the judgment herein to transfer to the plaintiff, is the separate property of Butler. The judgment also directs the plaintiff as receiver to apply the avails of said separate property to the payment of the said copartnership demand. In this respect I think it is erroneous. In equity, the separate estate is not liable for partnership demands, until the partnership effects are exhausted, and the separate debts are paid. In the case at bar it appears sufficiently, perhaps, that the remedy at law against the partnership property has been exhausted by the proceedings had in the legal action against Putnam and Butler set forth in the complaint and admitted on the trial. It is true the summons in that action was not served on Putnam, he being absent from the jurisdiction of the court; but he was named a party defendant; the judgment was entered against the defendants jointly, as it properly might be, (*Code*, § 136,) and the execution was regularly issued against their joint property, as well as the separate property of the defendants served. (2 *R. S.* 377, §§ 3, 4. *Code*, § 291.)

But there is no evidence that the separate debts of Butler have been paid. The assignment, which was given in evidence by the plaintiff, shows that at the time of its execution Butler was owing individual debts to the amount of several thousand dollars, which he was unable to pay, and which, for aught that appears, are yet outstanding. As the judgment makes no provision for the payment of the separate debts, but in effect postpones them till the plaintiffs' claim against the firm is satisfied, out of the separate estate,

instead of directing payment of the plaintiffs' demand out of the *surplus* if any remains after payment of the separate debts, it is therefore erroneous and must be set aside, and a new trial must be had.

Ordered accordingly.

[MONROE GENERAL TERM, December 5, 1864. *J. C. Smith, Welles* and *E. Darwin Smith,* Justices.]