In the Matter of the Assignment of EDWARD G. WARD *et al.* to GEORGE S. DIOSSY for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided August 4th, 1880.)

The duty of an assignee for the benefit of creditors is to uphold his trust, not to impeach it ; he cannot object to the payment of a creditor preferred in the assignment, on the ground that the preference is fraudulent.

Upon an application by a creditor for a partial accounting by an assignee, and for the payment of the whole or part of such creditor's claim, it is discretionary with the court to order such payment or not.

APPLICATION by a creditor preferred in a general assignment for the benefit of creditors for an accounting by the assignee and the payment of the preferred claim.

The assignors, Edward G. Ward and Seymour S. Peloubet, composing the firm of Ward & Peloubet, by their assignment for the benefit of creditors preferred the claim of Israel C. Ward, by whom this application was made. The facts are stated in the opinion.

VAN HOESEN, J.—It is the duty of a trustee to uphold his trust and not to impeach it, and for that reason, if there were no other, Diossy would not be permitted to show that the assignment which he accepted and which he has been executing was in fact fraudulent and void as against creditors of his assignors. For him to ask the court to adjudge the preference to Israel C. Ward to be fraudulent and the assignment void would be to attack the very title under which he claims. If the assignment be void he is not the assignee of Ward & Peloubet and he has no right as a mere volunteer to make any objection to any disposition of the estate which any creditor of that firm may apply for.

It is said that this, though formerly the law, is so no longer, and that chapter 314 of the Laws of 1858 does by its

very terms authorize an assignee, no less than an executor, administrator, receiver or trustee of the estate of an insolvent debtor or an insolvent corporation, partnership or individual, to disaffirm and treat as void any act, transfer or agreement done or made in fraud of the rights of any creditors (themselves included) interested in any property of right belonging to the insolvent estate.

The statute provides that a fraudulent transfer made by an insolvent decedent or by an insolvent corporation, partnership or individual is to be impeached by an action brought against the fraudulent transferee. Where the fraudulent transfer is an assignment under the General Assignment Act of 1877, is the assignee to sue himself and to recover from himself as assignee, property which when recovered he must proceed to distribute under the fraudulent and void assignment? It is evident from this mere statement of the proposition that it was not the intention of the legislature, that an assignee for the benefit of creditors should attack the very charter by which he holds. Though the meaning of the act of 1858 is not difficult of ascertainment, it is not now necessary to construe it further than to say that it does not empower an assignee for the benefit of creditors to impeach the assignment under which he acts. I decline, therefore, to permit the assignee to show that the claim of Israel C. Ward was fraudulently preferred, and that it ought not to be paid, but that the other provisions of the assignment are valid and should be carried out. The assignment must all stand or be set aside entirely.

Where an application is made for a partial accounting, as in this case, and for payment of the whole or part of a creditor's claim, it is discretionary with the court to order or not the payment to be made. This is obvious from the language of subdivision 4 of section 20 of the General Assignment Act, which authorizes the court to direct that such a payment be made " as circumstances render just and proper."

In the case before me it is evident that the claim, payment of which I am asked to compel, is in reality the private debt of one of the assignors, and not a firm debt at all. It ought

not to be paid out of the firm assets, if any creditor of the firm who is in a position to assail the assignment is making an effort to bring the question of the legality of the assignment before the court; and the affidavits show that two creditors, one with an execution, and the other with an attachment, have caused the sheriff to levy upon a part of the assigned estate. Though the assignee would incur no risk if he should pay the claim of Israel C. Ward in obedience to an order of the court, it may be that these creditors who have seized the property would lose their debts if so large a sum as three thousand dollars were now paid to Mr. Ward. It is true that these creditors are not before the court on this application, and that they have not applied for the court's protection, but nevertheless, all the facts appearing, I think it better not at this time to order the assignee to pay Mr. Ward.

This must not be considered as a decision adverse to Mr. Ward's right to recover the money from the assignee. Unless the assignment be successfully impeached by some creditor in a position to attack it, the claim of Mr. Ward must eventually be paid by the assignee.

No costs to the assignee.


Application denied.