JOSEPH SIMONS, Respondent, v. SAMUEL GOLDBACH and FRANK M. SIMONS, Defendants.

(SIGMUND ASHNER, Appellant.)

*Fraudulent confession of judgment — it cannot be amended, it must be set aside wholly.*

Where a judgment has been confessed fraudulently for an amount in excess of the obligation then due by the party confessing it, the court has no power to amend the judgment by reducing the amount thereof to the actual indebtedness. In such case the whole judgment is invalid, and should be set aside.

Appeal by Sigmund Ashner from an order, entered in the office of the clerk of the county of New York on January 20, 1890, denying the motion of said Sigmund Ashner to vacate the judgment and execution theretofore entered and issued in the above-entitled action.

*John Fennel*, for the appellant, Sigmund Ashner.

*G. Hahn*, for the plaintiff, respondent.

Van Brunt, P. J. :

On the 4th of December, 1889, the defendants confessed a judgment in favor of the plaintiff for $4,117.58, and the same was duly entered and an execution issued thereon on that day.

The appellant having obtained an attachment against the property of the defendants, and caused the sheriff to levy upon the identical property levied upon under said execution, made a motion to vacate the said judgment and execution upon the ground that such judgment was fraudulent and void, and was entered pursuant to a scheme to cheat and defraud the creditors of the defendants, and that the execution was irregular in that it was issued for the whole amount of the judgment, while only a part of the sum secured by the judgment was due.

The learned justice in the court below reduced the judgment to $3,081.19 for damages and costs, and allowed the same to stand for the balance.

In arriving at this conclusion the learned justice allowed a claim for $835.81 for merchandise due from the plaintiff to the defendants, and $200 for money loaned, an item put in the books by the defendant Simon. There was also included in the judgment a note dated November 8, 1889, payable thirty days after date, for $302, and hence not due when judgment was confessed, which was allowed to remain, and from the order thereupon entered this appeal is taken.

There is no doubt as to the power of the court to amend the judgment and execution if an honest mistake had been committed as to the amount. But it is clear from the circumstances attending the entry of the judgment in question, and from the fact that a fraudulent item of $200 was included in the judgment, that the confession was not made in good faith, but was made with intent to hinder, delay and defraud creditors, and if this was the fact, then it is entirely immaterial whether the plaintiff, in the confession, was cognizant of the fraud or not. The judgment would be equally invalid. In the case of an assignment with preferences, where a preference has been made for a fraudulent amount, under the statute, such a fraudulent preference invalidates the whole assignment; or where, in a judgment, there is included intentionally more than is actually due, such judgment is void, not to the extent of the fraud, but wholly, accord-

ing to the provisions of the statute. Section 1, volume 2, page 137 of the Revised Statutes reads as follows :

" Every conveyance or assignment in writing or otherwise of any estate or interest in lands, or in goods or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents or profits thereof, made with intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, suit commenced, decree or *judgment suffered* with the like intent as against the person so hindered, delayed or defrauded, shall be void."

The learned court below, upon sufficient evidence, having found that, as to a portion of this judgment, it was fraudulently entered, was bound under the provisions of the statute to vacate the judgment, because such judgment, entered under such circumstances, is declared by the statute to be absolutely void.

If the defendants included in their confession of judgment more than the plaintiff was entitled to receive, there can no claim be made that it was an honest mistake. They were upon the verge of bankruptcy. They could not continue their business, and they confessed this judgment for the purpose of securing the father of one of the defendants, and the evidence seems to be that, at least, a large proportion of the amount covered by this judgment was not due. Of this fact they were well aware, and yet the judgment is entered for the full amount. This was a fraud upon the creditors which rendered such judgment void pursuant to the statute.

There was evidence adduced by the affidavits that there was a scheme upon the part of these defendants to remove their property from the reach of their creditors, and that the attorney who issued this execution, and who was the attorney for the entry of the confession of judgment, was cognizant of this intention. The entry of the judgment and the carrying out of the intention were evidently one scheme, but it is urged that the knowledge of this attorney of this attempt cannot affect the plaintiff, because his action cannot be said to involve the plaintiff in a scheme to cheat the creditors of the defendants so as to have his honest judgment set aside.

In this proposition the learned counsel forgets that it is not necessary, in order to invalidate this judgment, that the plaintiff had cog-

nizance of the scheme to defraud the creditors. It is sufficient, even if this judgment was confessed upon an honest debt, that it was part and parcel of a plan by which some portion of defendants' property was to be removed and concealed from their creditors, to render such judgment absolutely void, because all the acts of the defendants in the carrying out of such a scheme are necessarily tainted with the same infirmity. In the case of an assignment with preferences, although honest debts may be preferred, yet if any portion of it is tainted with the intent to defraud creditors, the whole assignment falls. So in the case of the confession of a judgment, if it is part and parcel of a scheme to remove property from the reach of creditors, although the plaintiff in the judgment may be entirely innocent, and although his debt may be entirely honest, the judgment is tainted by the intent of the parties confessing the same. It is not necessary that the plaintiff should be involved in the fraud in order that he may lose the security which he has obtained by the entry of the judgment. It is only *bona fide* purchasers for value who are protected by their own good faith, and a judgment-creditor does not stand in that relation toward his judgment-debtors.

Upon the whole case, therefore, instead of reducing the judgment because of the insertion therein of a fraudulent amount, the court should have vacated the same entirely.

The order should be reversed and the judgment vacated, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed and judgment vacated, with ten dollars costs and disbursements.