ELLIS H. ROBERTS & Co., *v.* GEORGE F. VIETOR et al., Impleaded, etc., Appellants, PATRICK F. BULGER, as Assignee, etc., Respondent.

The inventory or schedule required by the General Assignment Act (§ 3, chap. 466, Laws of 1877), to be made and filed by a debtor making an assignment, is to be read in connection with the assignment and as part of the transaction.

Where the assignor prefers a creditor for a specified amount, made up of several items of indebtedness which the assignee is directed to pay, and it appears that some of the items were either paid at the time of the assignment or that the indebtedness never existed, the assignment is, as matter of law, fraudulent and void as to creditors.

Neither the assignee nor a creditor coming in under the assignment has power to question the validity of the items preferred, and whatever may have been in fact the motive of the assignor, he is presumed to have intended the consequences of his acts, and the effect of the preference

is to defraud general creditors to the extent such preference is in excess of the amount in fact owing.

Where, therefore, in an action to set aside such an assignment the referee, while finding the facts of the non-existence of certain items of preferred indebtedness, also found that the assignment was made in good faith, with no intent to hinder, delay or defraud creditors, *held*, that this did not remove the imputation of fraud or validate the assignment.

An assignment contained among the preferences an alleged indebtedness to M. to the amount of " about $12,000," besides interest upon " accounts and notes which the assignors are unable to describe." The assignment then gave the items, with dates for interest, closing with the statement, " as near as assignors are able to state," the whole indebtedness amounting to $13,501.70. The assignors filed an inventory, which described the indebtedness to M. as $12,000, accounts and notes, and then gave the items, as specified in the assignment, without any qualifying words. The referee found that of the items specified, those amounting to $7,500 were either paid or no such indebtedness existed, but that the assignors were indebted to M. in other items, making a total indebtedness, including interest, of $12,656.38; that the assignment was made in good faith, with no intent to defraud; and that, as a conclusion therefrom, the preference was valid to the amount last specified. *Held* error; that the inventory fixed specifically the amount of the indebtedness and the items preferred; but that assuming it was the indebtedness to M., not the particular items, which was preferred, and that a mistake in giving the items would not avoid the assignment, as the preference was to a substantial amount in excess of the actual indebtedness, the assignment was so far fraudulent, and this vitiated the whole instrument.

*Kavanagh* v. *Beckwith* (44 Barb. 192), distinguished.

The action was brought by plaintiff on behalf of himself and other creditors who desired to join. Two attachment creditors whose claims were admitted by the inventory, were made defendants. They answered, admitting the allegations of the complaint as to fraud and joined with the plaintiff in the action. The judgment sustained the assignment and required said creditors to turn over the property attached to the assignee. *Held*, that said creditors had the right to appeal.

*Roberts* v. *Victor* (55 Hun, 461), reversed.

(Argued December 22, 1891; decided February 9, 1892.)

APPEAL by Vietor and Achilles from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 26, 1889, which affirmed a judgment in favor of defendant Bulger entered upon the report of a referee.

The nature of the action and the facts, so far as material are stated in the opinion.

*George F. Danforth* for appellants. Upon the facts found by the referee and upon uncontradicted evidence, the assignment was fraudulent and void. (Laws of 1877, chap. 406, § 1; *Hardman* v. *Bowen*, 39 N. Y. 196; *Britton* v. *Lorenz*, 45 id. 51; *Frazer* v. *Truax*, 27 Hun, 587; *In re Lewis*, 81 N. Y. 421; *Ogden* v. *Peters*, 21 id. 23; *Jessup* v. *Hulse*, Id. 168; *In re Dewey*, 10 Daly, 66; *Cunningham* v. *Cunningham*, 1 Ves. 522; Lewin on Trusts, 118; Laws of 1877, chap. 466. § 3; *Chapin* v. *Thompson*, 89 N. Y. 279.) The theory on which the referee reconstructed the assignment has no precedent in law or reason. (*Knight* v. *Bunn*, 7 Iredell, Eq. 77; *Leavitt* v. *Palmer*, 3 N. Y. 19; *Grover* v. *Wakeman*, 11 Wend. 187; *Mackie* v. *Cairnes*, 5 Cow. 547.) The construction adopted by the referee apparently is that the debt due Major, no matter how represented, was, when finally ascertained, the debt preferred, and in that he erred. (*Griffin* v. *Marquadt*, 21 N. Y. 123; *Platt* v. *Lott*, 16 id. 478; *In re Lewis*, 81 id. 424; *Holmes* v. *Hubbard*, 60 id. 185.)

*William Kernan* and *James Dunne* for appellants Vietor. The assignment is void on its face, in that it gives a preference to "L. Cohn, agent, or individually," and thereby fails to specify the creditor intended to be preferred. (*Frazer* v. *Truax*, 27 Hun, 584; *Chapin* v. *Thompson*, 89 N. Y. 280; *In re Lewis*, 81 id. 424.) The preference to Adelia J. Sparks is fraudulent and void as against the creditors of Buckley & Co., the assignors. (109 N. Y. 333; Pars. on Part. [2d ed.] 438, 447; *Durant* v. *Pierson*, 58 Hun, 190; 124 N. Y. 444; *Nordlinger* v. *Anderson*, 123 id. 544; *Bernheimer* v. *Rindskopf*, 116 id. 428; *Loos* v. *Wilkinson*, 110 id. 195, 209; *Starin* v. *Kelly*, 88 id. 118; *Talcott* v. *Hess*, 31 Hun, 282; *Wilson* v. *Robertson*, 21 N. Y. 587; *Menagh* v. *Whitwell*, 52 id. 165; *Bulger* v. *Rosa*, 119 id. 465; Bump on Fraud. Conv. [3d ed.] §§ 271, 272, 314–324.) The preference to Chloe Spencer

renders the assignment fraudulent and void. (*Newman* v. *Cordell*, 43 Barb. 448; Bishop on Insol. Debt. [2d ed.] 217; *Loos* v. *Wilkinson*, 110 N. Y. 195, 209; *Starin* v. *Kelly*, 88 id. 418; Bump on Fraud. Conv. § 280; *Menagh* v. *Whitwell*, 52 N. Y. 152.) The fact as found by the referee that the assignors have stated "they had a surplus of $40,000, and that no losses have been shown to have accrued to Buckley & Co. to wipe out such surplus between the date of such statement" and the making of the assignment, is sufficient to show a fraudulent disposition of property on the part of the assignors. (Whart. on Ev. § 1289; Waite on Fraud. Conv. §§ 6, 7, 224; Bump on Fraud. Conv. §§ 38, 39, 50, 51, 54, 81, 83; *Bonnell* v. *Griswold*, 89 N. Y. 122; *Bennet* v. *Bates*, 94 id. 354, 367; *Health Dept.* v. *Purdon*, 99 id. 237, 243; *Mackie* v. *Cairnes*, 5 Cow. 547; *D'Ivernois* v. *Leavitt*, 23 Barb. 64.) Preferential assignments, though tolerated, are regarded with extreme disfavor. (*Sutherland* v. *Bradner*, 39 Hun, 134; 116 N. Y. 410; *Mills* v. *Parkhurst*, 124 id. 89; Burrill on Assign. §§ 255, 256, 263, 264; *Barnum* v. *Hempstead*, 7 Paige, 568, 572; *Brainerd* v. *Dunning*, 20 N. Y. 214; *Brown* v. *Guthrie*, 39 Hun, 31; *Frazer* v. *Truax*, 27 id. 587; *Chapin* v. *Thompson*, 89 N. Y. 270; *Pratt* v. *Allen*, 7 Paige, 627; *Bank of Rochester* v. *Emerson*, 10 id. 359; *Burchard* v. *Phillips*, 11 id. 66.) To affirm the action of the referee with respect to such substitution of items in an assignment, would make the most glaring frauds easy of accomplishment. (*Salisbury* v. *Howe*, 87 N. Y. 134.) The preferences in the assignment to Daniel G. Major of the items of "October 4, 1883, $500;" "February 1, 1884, $1,000," and of "February 10, 1884, $3,000," are fraudulent. (*N. Bank* v. *Ingraham*, 58 Barb. 290; *Wilson* v. *Robertson*, 21 N. Y. 587; *Menagh* v. *Whitwell*, 52 id. 146.) The preference to Daniel G. Major of the $1,500 for money loaned as of August 8, 1883, which was duly paid December 11, 1883, is a fraudulent preference. (Story's Eq. Juris. § 193; *Tabor* v. *Van Tassel*, 86 N. Y. 642; *Loos* v. *Wilkinson*, 110 id. 175, 209; *Starin* v. *Kelly*, 88 id. 418; *Talcott* v. *Hess*, 31 Hun, 282; Burrill on Assign. [5th ed.] § 337; Id. 156; *Simons* v.

*Goldbach,* 56 Hun, 204, 205, 207; 123 N. Y. 637; *Bank of Westport* v. *Raymond,* 14 N. Y. S. R. 868, 871; *Bank of Champlain* v. *Wood,* 45 Hun, 411, 415; *Chandler* v. *Powers,* 9 N. Y. S. R. 169; *In re McCallum,* 10 Daly, 72; *Cohen* v. *Irion,* 26 N. Y. S. R. 1, 2.) The direction in the assignment to pay Daniel G. Major, by way of preference, $910.62 in excess of what the referee finds to be due, is an illegal direction with respect to the assigned estate, and invalidates the whole assignment. (*Simons* v. *Goldbach,* 123 N. Y. 637.) The judgment in favor of D. G. Major, is wholly fraudulent and void, and the referee had no power to amend it by reducing it to the actual indebtedness. (*Acker* v. *Leland,* 109 N. Y. 5, 16; *Simons* v. *Goldbach,* 123 id. 627.) Assuming that the judgment is absolutely void, the appellants respectfully insist that neither the court below nor the referee had the power to amend the judgment. (*Smith* v. *Mayor, etc.,* 37 N. Y. 518; *Egert* v. *Wicker,* 10 How. Pr. 193; *Wolfe* v. *Schmenger,* 12 Civ. Pro. Rep. 312; *Adams* v. *Ash,* 46 Hun, 105, 110; *McLean* v. *Stewart,* 14 id. 472; *Rockwell* v. *Carpenter,* 25 id. 529.) Should the judgment be modified, as directed by the referee, the lien of Major's judgment and execution should be postponed to the liens of the contesting creditors. (*Symson* v. *Silheimer,* 40 Hun, 116; 105 N. Y. 620.) An attaching creditor is not a creditor at large after the writ is served, but a creditor having a specific lien upon the goods attached, and through the sheriff, if attacked, can show that the assignee's title was fraudulent as against him. (*Rinchey* v. *Stryker,* 28 N. Y. 45; *Lux* v. *Davidson,* 54 Hun, 345, 346; *Carr* v. *Van Hoesen,* 26 id. 316; *Bowe* v. *Arnold,* 31 id. 259.)

*W. A. Matteson* for judgment creditors. The judgment in favor of Sparks, is legal and valid. (*Voorhees* v. *Childs,* 17 N. Y. 354; *Riper* v. *Poppenhausen,* 43 id. 74; *Richter* v. *Poppenhausen,* 42 id. 376; *Pope* v. *Cole,* 55 id. 127; *Arnold* v. *Camp,* 12 Johns. 409; *Waydell* v. *Luer,* 3 Den. 410; *Millerd* v. *Horn,* 56 N. Y. 406; *Dodd* v. *Ross,* 17 Hun, 600; *R. S. Bank* v. *Kramer,* 32 id. 270.) The claim of Mrs. Chloe

Spencer and judgment recovered thereon are perfectly established. The preference of the claim of Daniel G. Major, which was put in judgment, was valid. (*Denton* v. *Merrell*, 43 Hun, 228; *Church* v. *Sparrow*, 5 Wend. 223; *O. Bank* v. *Hennesy*, 48 N. Y. 551; *O. C. Bank* v. *De Puy*, 17 Wend. 47; *Miller* v. *Munice*, 6 Hill, 115; *Hoover* v. *Greenbaum*, 61 N. Y. 311; *Smith* v. *Post*, 1 Hun, 518; *Jaiger* v. *Kelly*, 52 N. Y. 275; *Dudley* v. *Danforth*, 61 id. 626; *Townsend* v. *Stearns*, 32 id. 214; *Schults* v. *Hoagland*, 85 id. 467; *Baird* v. *Mayor, etc.*, 96 id. 592; *Lorillard* v. *Clyde*, 86 id. 387.) Defendants Vietor and Achilles asked to prosecute the action further on their own account. Under our objection this was allowed to be done by the referee. The defendants and appellants stand, therefore, in the attitude of plaintiffs prosecuting this action. To entitle them to maintain such an action they must be armed with a judgment recovered for their claim, and with an execution issued thereon returned unsatisfied. (*Reubens* v. *Jewell*, 13 N. Y. 488; *Estes* v. *Wilcox*, 67 id. 264; *Addee* v. *Bigler*, 81 id. 349.)

*Wm. P. Quinn* for respondent. The assignment was valid. (*Bagley* v. *Bowe*, 105 N. Y. 171; *Ginther* v. *Richmond*, 18 Hun, 232, 234; *Rapallee* v. *Stewart*, 27 N. Y. 315; *Benedict* v. *Huntington*, 32 id. 219; *Townsend* v. *Sterns*, Id. 209; *Crook* v. *Rindskopf*, 105 id. 485; *Grover* v. *Wakeman*, 11 Wend. 188; Penal Code, § 586; *People* v. *Briggs*, 114 N. Y. 56; *N. Y. & B. F. Co.* v. *Moore*, 102 id. 667; *Aldridge* v. *Aldridge*, 120 id. 614, 616; *Travis* v. *Travis*, 122 id. 449; *Billings* v. *Russell*, 101 id. 226–228.) The facts found by the referee having been affirmed by the General Term will be accepted as conclusive on this appeal. (*Flack* v. *Vill. of Green Island*, 122 N. Y. 107–117; *People ex rel.* v. *French*, 123 id. 636; *Healy* v. *Clark*, 120 id. 642; *Ensign* v. *Ensign*, Id. 655.) If additional facts were necessary for the affirmance of the judgment they would be presumed on this appeal to have been moved upon the trial. (*E. C. F. Co.* v. *Hersee*, 103 N. Y. 25; *Reese* v. *Boese*, 94 id.

623 ; *Flack* v. *Village of Green Island*, 122 id. 107.) It was necessary for the appellants to secure a finding of a fraudulent intent as a matter of fact. A conclusion of law to that effect without its having been found as a fact would have been unavailing. (*Robbins* v. *Mount*, 55 Hun, 80 ; *Billings* v. *Russell*, 101 N. Y. 226, 229 ; *Smith* v. *Perine*, 121 id. 376, 381 ; *Kavanagh* v. *Beckwith*, 44 Barb. 194.) All the preferences are of the copartnership debts and not the creditors. (*Griffith* v. *Marquardt*, 21 N. Y. 121, 123 ; *Bank of Silver Creek* v. *Talcott*, 22 Barb. 550 ; *Brainerd* v. *Dunning*, 30 N. Y. 211 ; *Maack* v. *Maack*, 49 Hun, 507 ; *Burley* v. *Hartson*, 40 id. 121, 123 ; *Richardson* v. *Thurber*, 104 N. Y. 606 ; *Fay* v. *Grant*, 53 Hun, 44 ; *Turner* v. *Jaycox*, 40 N. Y. 470 ; *Bogart* v. *Haight*, 9 Paige, 297 ; *Hurlburt* v. *Dean*, 2 Keyes, 97.) The debts of Chloe Spencer and Adelia J. Sparks were valid firm debts. (*Turner* v. *Jaycox*, 40 N. Y. 470 ; *Livermore* v. *Northrup*, 44 id. 107 ; *Murray* v. *Judson*, 9 id. 73 ; *Bernheimer* v. *Rindskopf*, 116 N. Y. 428 ; *Smith* v. *Perine*, 121 id. 376 ; *Kavanagh* v. *Beckwith*, 44 Barb. 196 ; 36 Hun, 136 ; *Brown* v. *Halsted*, 17 Abb. [N. C.] 205 ; *Crook* v. *Rindskopf*, 105 N. Y. 482.) Statements of the assignors made before the assignment, to be any evidence against the assignee, must be part of the *res gestæ*, either of the assignment itself or of some act which is evidence of a fraudulent intent in making the assignment. (*Baldwin* v. *Short*, 125 N. Y. 553, 557 ; *Pool* v. *Ellison*, 56 Hun, 108, 111 ; *Vidvard* v. *Powers*, 34 id. 221 ; *Von Sachs*, v. *Kretz*, 72 N. Y. 548 ; *Truax* v. *Slater*, 86 id. 630 ; *Flagler* v. *Wheeler*, 40 Hun, 125 ; *Bullis* v. *Montgomery*, 50 N. Y. 352 ; *Tabor* v. *Van Tassell*, 86 id. 642 ; *Tilson* v. *Terwilliger*, 56 id. 273 ; *Adams* v. *Davidson*, 10 id. 309 ; *Loos* v. *Wilkinson*, 110 id. 195 ; *Talcott* v. *Rosenthal*, 22 Hun, 573 ; *Tim* v. *Smith*, 13 Abb. [N. C.] 31 ; *Hoover* v. *Greenbaum*, 61 N. Y. 305 ; *Shultz* v. *Hoagland*, 85 id. 468.) The advice of the counsel who prepared the assignment and schedules is a sufficient answer to any criticism on the preference and the statements in the assignment and schedules. (*Kavanagh* v. *Beckwith*, 44 Barb. 197 ; *Everson*

v. *City of Syracuse*, 110 N. Y. 574, 584; *Burnap* v. *N. Bank,* 96 id. 125.) Every fact necessary to sustain the judgment, not inconsistent with the referee's findings, will be assumed to have been proved upon the trial. No argument can be made by the appellants upon the judgments obtained by the preferred creditors. (*Gutman* v. *McNulty*, 22 Wkly. Dig. 241; 5 Cow. 547.) The failure to keep books of account is not a ground for setting aside an assignment. (*Kavanagh* v. *Beckwith*, 44 Barb. 197.) The burden of proof was upon the appellants and did not shift during the trial. (*Heineman* v. *Heard*, 62 N. Y. 448; *Hobart* v. *Hobart*, Id. 80; *Fountain* v. *Pettee*, 38 Hun, 184; *Bergman* v. *Jones*, 94 N. Y. 51; *Kennedy* v. *Thorp*, 51 id. 174.) The judgment comformed with the decision, except as to matters to which the appellants consented. No questions can be reviewed on appeal in relation thereto. (*Burr* v. *De La Vergne*, 102 N. Y. 417.)

HAIGHT, J. This action was brought by the plaintiff, a domestic corporation, as a judgment creditor in behalf of itself and all other creditors of the firm of Buckley & Co., who might desire to join in the action to set aside as fraudulent a general assignment for the benefit of creditors made by the members of the firm of Buckley & Co., as such, and as individuals, to Patrick F. Bulger; and also to set aside as fraudulent certain judgments entered in favor of Thomas Wheeler, Daniel G. Major and Chloe Spencer against Buckley & Co.

The firm of Buckley & Co. and the members thereof were insolvent. The assignment was executed and delivered on the 17th of March, 1886. In it the assignee is described as the party of the second part.

It provides that: "Fifth. After the payment in full of all of the copartnership debts designated in Schedules A and B, as above directed, the said party of the second part *shall pay* all and singular the copartnership debts set forth and enumerated in the schedule hereto annexed, marked C, *in full* with interest."

"Sixth. After the payment *in full* of the copartnership debts set forth in Schedules A, B and C., as above directed, the said party of the second part shall pay all and singular the copartnership debts set forth in a schedule hereto annexed, marked D, with interest."

Schedule C referred to and forming a part of the attached assignment contains a statement of the names of the creditors, third named, as preferred in the assignment, the general nature of such indebtedness and the amount thereof. In it appears the following:

"Name of creditor, Daniel G. Major; residence, Washington, D. C.; consideration, money loaned; form of debt, accounts and notes which assignors are unable to describe.

| | | |
|---|---|---|
| " Amount about................ | $12,000 | |
| " Date for interest............. | 1,000 | Jan. 12, 1883. |
| | 1,500 | Aug. 8, 1883. |
| | 500 | Oct. 4, 1884. |
| | 1,000 | Feb. 4, 1884. |
| | 3,000 | Feb. 10, 1884. |
| | 5,000 | May 23, 1884. |

" as near as assignors are able to state."

On the 7th day of April, 1886, John Buckley and William E. Shirley, as such assignors, filed their inventory and schedules duly verified as required by law, and amongst the firm debts set out by them in the schedule so filed is an indebtedness to Daniel G. Major, which is described as follows:

"Daniel G. Major, Washington, D. C., $12,000.

" Accounts and Notes:

| | |
|---|---|
| " Jan. 12, 1883......................... | $1,000· |
| " Aug. 8, 1883......................... | 1,500 |
| " Oct. 4, 1883............. money loaned | 500 |
| " Feb. 1, 1884......................... | 1,000 |
| " Feb. 10, 1884........................ | 3,000 |
| " May 23, 1884 ........................ | 5,000 " |

Major was a brother in law of the assignor John Buckley,

and the amount of his claim so preferred, with interest, was the sum of $13,501.70.

The referee has found the following facts:

"Fifteenth. That at the date of the making, execution and delivery of said assignment, the item of $1,500, August 8, 1883, so preferred in said assignment and set out in said schedules, had been paid off and discharged, the same having been paid by Buckley & Co. to Daniel G. Major, by check of Buckley & Co. on the Oneida County Bank, to the order of Daniel G. Major, dated December 11, 1883, for $1,530.75, which check was duly paid Daniel G. Major by said Oneida County Bank and said check being given for $1,500 as the principal and $30.75 as the interest due on said loan of August 8, 1883."

"Sixteenth. That at the time of the making, executing and delivery of said assignment the following items so preferred therein on behalf of Daniel G. Major, viz., $1,000, January 12, 1883; $5,000, May 23, 1884, formed no part of the items of indebtedness then due or owing by Buckley & Co. to Daniel G. Major, nor do the said items, or either of them, appear upon the books of Buckley & Co. as amounts due by their firm to Daniel G. Major."

The referee further found as facts that "the indebtedness of Buckley & Co. to Daniel G. Major on the 17th day of March, 1886, including interest, to be as follows:

| | | |
|---|---:|---:|
| "Note dated Feb. 26, 1883, on demand, with interest, for.............................. | $1,000 | 00 |
| "Interest on same ..................... | 183 | 50 |
| "Note dated June 1, 1883, on demand, with interest, for.............................. | 1,000 | 00 |
| "Interest on same ..................... | 167 | 67 |
| "Note dated Oct. 4, 1883, on demand, with interest, for................................. | 500 | 00 |
| "Interest on same ..................... | 73 | 58 |
| "Note dated January 31, 1884, on demand, with interest, for.............................. | 1,000 | 00 |
| "Interest on same ..................... | 127 | 67 |

| | | |
|---|---:|---:|
| " Note dated Feb. 12, 1884, in one year, with interest, for...... ...................... | $3,000 | 00 |
| " Interest on same ..................... | 377 | 50 |
| " Note dated May 6, 1884, on demand, with interest, for............................... | 3,000 | 00 |
| " Interest on same ..................... | 335 | 50 |
| " Cash advanced by check, May 6, 1884........ | 500 | 00 |
| " Interest on same ..................... | 55 | 91 |
| " Cash advanced to pay note given for accommodation of Buckley & Co., May 17, 1884..... | 2,538 | 75 |
| " Interest on same ..................... | 279 | 27 |
| " Making a total of .... ............... | $14,139 | 35 |

" As against this claim there are credits of money paid to Major from time to time by Buckley & Co., as follows, viz.:

| | | |
|---|---:|---:|
| " June 6, 1884, by check .................. | $1,000 | 00 |
| " Interest to March 17, 1886 ............ | 106 | 83 |
| " October, 1884, by cash................... | 100 | 00 |
| " Interest thereon..... ................ | 8 | 50 |
| " December 18, 1884, by check ........ ..... | 50 | 00 |
| " Interest............................ | 3 | 74 |
| " November 15, 1884, by check.............. | 50 | 00 |
| " Interest......... ................. | 4 | 02 |
| " February 5, 1885, by two checks ........... | 100 | 00 |
| " Interest............................ | 6 | 70 |
| " February 25, 1885, by check............... | 50 | 00 |
| " Interest............................ | 3 | 18 |
| " Making a total credit .... ........... | $1,482 | 97 |
| " Leaving a total debit ............... | $12,656 | 38 " |

He further found that the assignment was made in good faith, with no intent to hinder, delay or defraud creditors; and, as a conclusion of law, that the preference in the assignment of the debt of Major was a valid preference to the amount of $12,656.38.

It also appears in the facts found by the referee that Major brought action against Buckley and Shirley upon his claim for money loaned, etc., and that on the eighteenth day of March, the day after the assignment, the defendants appeared by M. W. Van Auken, their attorney, and made an offer of judgment, and that such offer was accepted and thereupon judgment was entered for $13,501.70 damages and $19.39 costs, being for the same items and amount for which he was preferred in the assignment.

The referee found that the recovery should only have been for the sum of $12,658.24; that for that amount with costs it was a good and valid judgment and might be enforced.

It will be observed that of the items of the claim so preferred that of $1,500 of August 8, 1883, was fully paid and satisfied on the eleventh of December thereafter, and that of $1,000, January 12, 1883, and $5,000, May 23, 1884, had no existence in fact, making a total of $7,500 that was fictitious at the time the assignment was made.

It is contended, however, that it was the indebtedness of Major that was preferred, and not the items making up such indebtedness, and that a mistake in giving the items should not avoid the assignment, provided that other items of indebtedness in fact existed. This view would deprive the other creditors of the advantage given them by the statute of knowing "the true cause and consideration" of the claim, but without assenting to the correctness of the proposition we may for the purposes of this argument assume it to be sound. The fact still remains that the amount actually owing Major falls short of the amount preferred in the sum of $845.32.

The statute provides that "a debtor making an assignment shall at the date thereof, or within twenty days thereafter, cause to be made and delivered to the clerk of the county where such assignment is recorded an inventory or schedule containing * * * 3. A full and true account of all the creditors of such debtor, stating the last known place of residence of each, the sum owing to each, with the true cause and consideration therefor, and a full statement of any existing

security for the payment of the same." (4 R. S. [8th ed.] 2537, § 3.)

Pursuant to this provision the assignors made and filed their inventory or schedule in which the same items were described as accounts and notes as then owing to Major, without any qualifying words. The inventory must be regarded as part of the transaction and is to be read in connection with the assignment in respect to the matters which it is required by law to contain. (Burrell on Assignments, § 151; *Terry* v. *Butler*, 43 Barb. 395; *Kavanagh* v. *Beckwith*, 44 Barb. 192–197.)

The assignment in describing the form of the debt states that it is accounts and notes *which assignors are unable to describe,* and amount due *about* $12,000, and after giving the items is added, "as near as assignors are able to state."

As we have seen, the inventory was filed twenty days thereafter, and in it the amount and items are stated without qualifying words, thus indicating that at that time the assignors were possessed of the requisite information to correctly describe them. This inventory we are to read in connection with the assignment, and so reading the instruments, we think that it is apparent that the assignors not only have, but intended to absolutely and unqualifiedly prefer the claim of Major to the amount stated. This view is strengthened from the provisions of the assignment referred to, for they require the payment of "all and singular, the copartnership debts set forth and enumerated in the schedule hereto annexed, marked 'C' in full, with interest," and that is to be done before any payment can be made of the claims enumerated in Schedule "D," or other subsequent schedules, for it is only after the payment in full of the debts set forth in Schedule "C," that the assignee is directed to pay those in Schedule "D." We thus have the positive and unqualified direction to pay Major's debt in full, with interest, as set forth and enumerated in the schedule. As to this payment, the assignee is given no discretion.

In the *Matter of the Assignment of Lewis* (81 N. Y. 421, 424), FINCH, J., in delivering the opinion of the court, says: "The assignee derives all his power from the assignment,

which is both the guide and measure of his duty. Beyond that, or outside of its terms, he is powerless and without authority. The control of the court over his actions is limited the same way, and can only be exercised to compel his performance of a stipulated and defined trust, and protect the rights which flow from it. He distributes the proceeds of the estate placed in his care, according to the dictation and under the sole guidance of the assignment, and the statutory provisions merely regulate and guard his exercise of an authority derived from the will of the assignor. The courts, therefore, cannot direct him to pay a debt of the assignor, or give it preference, in violation of the terms of the same, and the right of creditors under it. To hold the contrary would be to put the court in the place of the assignor, and assert a right to modify the terms of the assignment, after it had taken effect, against the will of its maker, and to the injury of those protected by it. We agree that the assignee is merely the representative of the debtor, and must be governed by the express terms of his trust."

In the case of *Chapin* v. *Thompson* (89 N. Y. 270), it was held that the assignee could not modify or change the provisions of the assignment, or prevent the payment of a debt provided for in the assignment, even if it was usurious.

In the *Matter of the Assignment of Ward* (10 Daly, 66), it was held that the duty of the assignee for the benefit of creditors is to uphold his trust, not to impeach it; that he cannot object to the payment of a creditor preferred in the assignment, even upon the ground that the claim is fraudulent.

Bishop on Insolvent Debtors, section 359, says: "A general assignment for the benefit of creditors, by its own terms devotes the debtor's property to the payment of some or all of the assignor's debts, and the debts provided for may be specified in the instrument itself, or they may be left to be otherwise determined. When the assignment provides for the payment of specific debts, neither the assignee nor any creditor claiming under the assignment can dispute their validity. (*Pratt* v. *Adams*, 7 Paige, 615; *Jewett* v. *Wood-*

*ward*, 1 Edward's Ch. 195; *Green* v. *Morse*, 4 Barb. 332; *Maynard* v. *Maynard*, 4 Edward's Ch. 711.)

"The question is one of intent, to be gathered from a fair construction of the deed of assignment. If the assignee is directed to pay certain persons upon certain specified amounts, either with priorities or proportionately, the assignee who accepts the trust and all the creditors who come in and share under it, are bound by the provisions of the deed and cannot dispute them. This proposition which rests on the doctrines of election, that he who accepts a benefit under an instrument cannot dispute the validity of its provisions, is abundantly sustained by the authorities. * * * If the claims so provided for are fictitous or fraudulent, or such as for any reason ought not to be paid, that will be a ground for setting the assignment aside as fraudulent and void, but it will not furnish a ground upon which a creditor claiming under the assignment as a valid instrument can dispute the claim of another creditor provided for in the same manner in the same instrument." (*Nicholson* v. *Leavitt*, 6 N. Y. 519; *Green* v. *Morse*, 4 Barb. 332, 342; *Knower* v. *Central Nationel Bank*, 124 N. Y. 552–558; *Maack* v. *Maack*, 49 Hun, 507; *Pratt* v. *Adams*, 7 Paige, 615, 641.)

In the case of *Kavanagh* v. *Beckwith* (*supra*), it was held in the General Term that the assignee was not bound to pay the debts at the amount stated in the assignment. The assignment in that case required the assignee to pay "the debts due or to grow due from the assignor *for which he is liable.*" The amount in the assignment was over-stated, but the true amount was stated by the assignor in the inventory subsequently filed by him. Reading the inventory in connection with the assignment, which required the assignee to only pay the amount for which the assignor was liable, and that true amount appearing in the inventory, presented a very different question from that in the case under consideration.

The rule to which we have referred may have no application to the general and unpreferred creditors, especially when as in this case, the assignment provides that in case there shall

be any remainder after paying the preferred creditors in full that the other creditors may be paid the amount that may be *owing* to them respectively. The amount of their claims is not specified and the assignee is left to determine the same, but as we have seen it is very different with the favored creditors.

If, therefore, the assignee was required to pay the amount of Major's claim as stated and described, it would of necessity follow that the general creditors would be defrauded in the amount that such preference was in excess of that which was in fact owing.

The referee has said that the assignment was made in good faith and without intent to hinder, delay or defraud the creditors, but the provisions of the assignment carried out deprives the general creditors of this sum, and the rule is that every party must be deemed to have intended the natural and inevitable consequences of his acts and where his acts are voluntary and necessarily operate to defraud others he must be deemed to have intended the fraud.

In the case of *Coleman* v. *Burr* (93 N. Y. 17–31), the referee found that the transaction was fair and honest. He, however, found facts from which the inference of fraud was inevitable. It was held on review that his characterizing the transaction as fair and honest did not make them innocent or change their essential character in the eye of the law; that he must be deemed to have intended to hinder, delay and defraud his creditors. (*Cunningham* v. *Freeborn*, 11 Wendell, 241–252; *Ford* v. *Williams*, 24 N. Y. 359; *Edgell* v. *Hart*, 9 id. 213; *Wilson* v. *Robertson*, 21 id. 587–593.)

It may be said that the excessive preference was small in amount. Undoubtedly innocent errors of small amounts resulting in no material loss to the creditors may be disregarded, but in this case the excess is of a substantial amount and if paid over to Major would result in a material loss to the unfavored creditors.

If the assignment is fraudulent in part, the whole instrument is void. (*Mackie* v. *Cairns*, 5 Cow. 547; *Grover* v.

*Wakeman*, 11 Wend. 187–225; *Simons* v. *Goldbach*, 56 Hun, 204; affirmed, 123 N. Y. 657; *Russell* v. *Winne*, 37 N. Y. 591.)

No relief by way of a reformation of the assignment was asked for in the pleadings, and we are consequently not called upon to determine whether a court of equity would entertain such an action.

The appeal was properly brought by Vietor and Achilles. They were attaching creditors, and the amount of their claim is admitted by the inventory filed. The action was brought by the plaintiff on behalf of itself and all other creditors of the firm who desired to join with it in the action. Vietor and Achilles were made defendants and answered, admitting the allegations of the complaint as to charges of fraud by Buckley & Co., and joined with the plaintiff in the action. The judgment took from them the benefit they claim through their attachment on the property of the assignors, and required them to turn it over to the assignee. They consequently had the right to appeal.

We have not thought it advisable to consider or discuss at this time the questions that arise upon the modification of the Major judgment, for upon a new trial evidence may be produced materially changing the facts.

We think the evidence supports the findings of the referee as to the claims of Adelia J. Sparks and Chloe Spencer, but are unable to find authority permitting him to change the assignment as to the amount directed to be paid to Daniel G. Major.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except FOLLETT, Ch. J., and VANN, J., dissenting.

Judgment reversed.