## THE JAMES ROY.

### HYLAND v. THE JAMES ROY.

(District Court, S. D. New York. February 13, 1894.)

ADMIRALTY — PROPERTY IN POSSESSION OF ASSIGNEE OR RECEIVER — ATTACHMENT BY MARSHAL.

Property in the hands of an assignee for the benefit of creditors, unlike property in the possession of a receiver, is not in custodia legis; and one who has a maritime lien against it is not obliged to obtain the consent of a state court before arresting the property in the admiralty.

In Admiralty. On motion to set aside arrest of vessel by the marshal under process. Denied.

Charles M. Stafford, for petitioner.
Hyland & Zabriskie, for libelant.
Root & Clark, for the marshal.

BROWN, District Judge. The above libel was filed on the 2d of February, 1894, to recover damages to the libelant's scow, through the alleged negligence of the tug James Roy while having the scow in tow on the 23d day of November, 1893. Upon process in rem the marshal, on the 2d of February, arrested the tug and took her into his custody. The petition avers that the owner of the tug on the 16th day of December, 1893, made a general assignment for the benefit of his creditors, without preference; that the assignment was

duly recorded, an approved bond given by the assignee, and an inventory filed—all in accordance with the New York statute of 1877, and the amendments thereto; and that possession of the tug was taken by the assignee, who held the same at the time she was taken from him by the marshal. The petitioner prays that the tug be discharged from arrest, on the ground that she was virtually in custodia legis, and therefore not liable to arrest by the marshal under process of this court. Taylor v. Carryl, 20 How. 596.

Under the laws of this state, the county courts, and the supreme court, have concurrent summary jurisdiction upon petition to supervise the conduct of assignees, to enforce the provisions of voluntary assignments for creditors, and to settle and adjust the assignee's accounts. This liability of the assignee to regulation, direction, and control, does not in any sense make such a voluntary assignee, ipso facto, an officer of the court, like a receiver, a sheriff, or a marshal. The very fact that under the laws of New York there are two independent courts that may exercise this same supervisory power over assignees, is conclusive that the assignee's possession of the assigned property is not of itself the possession of either court; since the same property cannot be in the possession of both courts at the same time, and the possession of either would exclude the other.

There is, in truth, no foundation for the contention that the assignee's possession is that of either court, until after some definite proceeding in the one court or the other has been taken to give the court possession of the property, as in other regular suits; and none such has been taken in this case. Under the state law the assignment is in no sense a judicial proceeding, or any part of any judicial proceeding in insolvency, like an assignment in bankruptcy. The state court of appeals, in construing the state act, has repeatedly held that it has made no difference in the essential nature of the assignee's possession; and that the assignee "is merely the representative of the debtor." In re Lewis, 81 N. Y. 421, 424; In re Holbrook, 99 N. Y. 539, 546, 2 N. E. 887; Roberts & Co. v. Vietor, 130 N. Y. 585, 598, 29 N. E. 1025.

A receiver, on the other hand, is the representative of the court that appoints him; his hand and his possession are those of the court. The supreme court of this state has held that the county court, notwithstanding the general language of the act of 1877, has no authority to entertain summary jurisdiction of claims upon the property hostile to the assignee; but only of proceedings in aid of the trust; and that opposing claims must be enforced by regular action against the assignee. Potter v. Durfee, 44 Hun, 197; In re Witmer, 40 Hun, 64. The ordinary practice, moreover, to make such voluntary assignees parties defendant in foreclosure suits, without any application for leave to sue, is conclusive that the petitioner's contention has no recognition even in the state courts.

In the federal courts this question has been repeatedly adjudicated adversely to the claim now made. The statutes of Michigan,

which are more favorable to the petitioner's contention than the statutes of New York, have been held, on full consideration and discussion of the subject by the present Mr. Justice Brown, in the case of Lehman v. Rosengarten, 23 Fed. 642, to present no obstacle to suits in replevin against the assignee in the federal courts. Various other cases are there cited to the same effect.

The present case is one of a maritime lien. The federal courts alone have jurisdiction to enforce such liens. "This jurisdiction," says Mr. Justice Brown, "cannot be ousted or impaired by any provisions of the state law requiring creditors to appear before a state court and present their claims. Suydam v. Broadnax, 14 Pet. 67; Hyde v. Stone, 20 How. 170; Bank v. Jolly's Adm'rs, 18 How. 503; Payne v. Hook, 7 Wall. 429; Chewett v. Moran, 17 Fed. 820, 822." While a receiver, appointed by a state court, or its sheriff, is in possession of the property subject to the lien, the marshal of this court will not interfere with that possession by an arrest of the property for the enforcement of the maritime lien, without the assent of the state court whose officer is in possession; because such a course would lead to irreconcilable conflicts between different courts in the exercise of their lawful jurisdictions. Taylor v. Carryl, supra. But the state court in such a case has no authority to adjudicate the maritime lien, or the maritime claim, without the creditor's assent. It cannot compel the maritime creditor to come before it; nor can it sell the property freed from the maritime lien. As the sale of any property by the state court while the property is subject to an undefined, unadjudicated maritime lien, is highly disadvantageous and prejudicial to the interest of the assigned estate, leave to sue in a court competent to make a binding adjudication as regards such liens is usually given; though sometimes leave is refused, apparently through misapprehension as to the lack of constitutional authority in the state court to sell and convey the property free from the maritime lien, or to abridge the creditor's constitutional right to enforce his lien in the federal court. When such leave is refused, the creditor, if he wishes to rely on his lien, must wait until the state court has disposed of the property, and the creditor can then pursue his constitutional remedy in rem against the property, without regard to the proceedings in the state court.

As respects the validity of an arrest of property, as between different courts, the question is one of priority of possession. In this case, the tug when seized was not in the custody of the state court, or of any officer of that court. As I have before said, the assignee does not stand in the situation of a receiver. He takes the property from the assignor, cum onere; and he holds it simply as the representative of the debtor, and upon the private trust expressed in the assignment. Executors and administrators are subject to equal, if not greater, supervision and direction by the probate court; but, so far as I am aware, it has never been supposed that a maritime lien could not be enforced against a vessel after the owner's death, and while the vessel was in the possession of an administrator or executor.

It is further urged that in another cause an application to the supreme court by another libelant for leave to sue in this court was denied; and that the present libelant prepared a similar application, but withdrew it after that decision. The refusal to give leave in the case referred to was well enough; since, if the case was one of a maritime lien, the application to the state court was itself an impertinence. For neither the supreme court, nor the county court, has any jurisdiction of the subject-matter of such an application, the assignee not being a receiver or an officer of the court; and in such cases, the state courts have no jurisdiction to make orders permitting or enjoining suits to enforce maritime liens, which, under the constitution and the judiciary act, fall within the exclusive jurisdiction of the federal courts.

Motion denied.