## HIGHTOWER *v.* WRAY.

### (*Nashville.* January 26, 1901.)

1. MORTGAGES AND DEEDS OF TRUST. *Description of secured debt.*

Under a mortgage or deed of trust, in which the maker has classified his debts and directed them to be paid in a certain order of priority, a creditor of a preferred class, whose debt is described as being "about $1,500," cannot, as against creditors classed below him in the order of priority, prove and secure preference for a note on which there is due $4,000, although it is the only claim that the creditor held against the maker, and was clearly the debt referred to in the instrument.

Case cited: Coldwell *v.* Bowman, 1 Shann. Cas., 601.

2. SAME. *Effect of misdescription.*

But, in such case, the creditor takes $1,500 in the prefatory class, and the remainder in some other less favored class, according to the provisions of the instrument.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. Hon. H. H. Cook, Ch.

Percy D. Maddin for Hightower.

Morton B. Howell and Nolen & Slemmons for Wray.

WILKES, J. The question involved in this cause is the proper construction of a deed of trust made by W. A. Wray. It contains a provision in substance as follows:

"I owe L. C. Hightower about $1,500, which I wish paid in full." It turned out that he owed Hightower but one debt, and that was a note, and amounted, principal and interest, to about $4,000.

The bill is filed in a double aspect, claiming payment of the entire debt of $4,000, upon:

1. A construction of the terms of the instrument.

2. On the intention of the maker in executing the deed, which is sought to be shown by parol.

Both contentions were found against the complainant, the Court of Chancery Appeals holding that if the instrument alone be looked to, complainant could claim only $1,500, or about that sum, and if the parol proof be allowed to control, then the facts are that the maker only intended that amount to be paid. This parol evidence was introduced without objection, and the finding of the Court of Chancery Appeals upon it is a matter of fact, and is perhaps conclusive of the entire controversy. We proceed to consider it, however, in the other aspect of the case.

The deed of assignment divides the debts provided for into five classes, from A to E, and they are to be paid in the order mentioned.

Complainant's debt falls in Class D, the fourth class, and is described as follows:

Class D.—L. C. Hightower, $1,500.00.

It is directed that the debts be paid as follows:

1. The expenses.

2. Class A in full.

3. Class B in full.

4. Class C in full.

5. To the payment of the amount due L. C. Hightower, described as Class D, until he shall have been paid in full.·

6. To the payment of the creditors in Class E and any other just debts owing by me ratably until they shall have been paid in full.

It appears that complainant's debt and the only one owing him by Mr. Wray, was a note originally for $7,121.34, but having on it a number of credits, which reduced the principal to $1,500. It had been running for several years, and much interest had accumulated. In the case of *Caldwell & Hayes* v. *W. C. Bowman et al.,* 1 Shannon's Cases, 601, there was a deed of trust. It provided to pay a note for about $76, "if he shall produce the note," referring to one E. Donaldson. A note for $187 was produced and filed as the note intended to be secured, and it was held that the language used would not identify a note for more than double the sum mentioned; that the language used would serve to identify a note for a few

dollars, more or less, but not one for so great an amount. It is true that in the present case there is more to identify the note than in the case we have cited, and indeed there is no question but that the note sought to be set up in this case is the one intended and referred to in the deed of trust, but the decision is made to rest upon the great discrepancy between the actual amount of the note and the amount as described.

The Court of Chancery Appeals says: "Whether we look to the face of the deed alone or to parol testimony to gather the intention of the maker of the deed of trust, we find that the purpose and intention was only to secure $1,500." We think this conclusion is correct.

We are referred by the industrious and zealous counsel for complainant to a number of cases in which debts greater or smaller than those specified and described have been allowed.

In *Brown* v. *Weir,* 5 Serg. & R., 401, a debt was described in the assignment as about $11,000. It was in fact over $13,000, and it was held that it should be allowed.

In *Dedham Bank* v. *Richards,* 2 Metc., 105, the deed of trust described the debt as about $4,500, and the creditor was allowed to prove claims to the amount of $5,867.

In *Canady* v. *Paschal,* 3 Iredell Eq., 181, the debt was described as about $1,000, and it was held to secure a debt of $1,481.99.

---

---

In *Roberts* v. *Victor,* 130 N. Y., 585, it was held that $13,501 was secured under the term "about $12,000."

In *Bumpas* v. *Dotson* the deed of trust provided for a debt of about $2,000. It proved to be only $1,040, and the Court held that the discrepancy did not constitute evidence of intentional fraud, so as to vitiate the deed or exclude the debt.

None of the cases cited go to the extent to which we are asked to go in this case, and we think that the holding of the Court of Chancery Appeals on this feature of the case is correct.

The complainant will, however, after receiving the amount of $1,500 and interest, as preferred under Class D, be allowed to prove the remainder of his debt and interest, and receive *pro rata* payment under the provision made for Class E. This he is entitled to under the prayer for general relief, and with this modification the decree of the Court of Chancery Appeals is affirmed. We do not think he is entitled to prorate upon his whole debt, but only on the balance after he has received the amount of $1,500 and interest as preferred in Class D.