## THE CITY OF FRANKFORT.

### HOGUE et al. v. THE CITY OF FRANKFORT.

(District Court, D. Oregon. August 13, 1894.)

No. 3,813.

1. ADMIRALTY JURISDICTION — VESSEL IN POSSESSION OF ASSIGNEE IN INSOLVENCY—OREGON STATUTE.

A vessel in the possession of an assignee for the benefit of creditors, under the Oregon insolvent law, is not in the custody of the court, so as to prevent a proceeding against her in admiralty to enforce a maritime lien.

2. INSOLVENCY LAWS—PROPERTY IN CUSTODIA LEGIS.

A provision in an insolvent law (Oregon statute) that assignments thereunder shall operate to discharge prior attachments on which judgments have not been obtained does not invest the assignee with such a relation to the court that property in his possession is to be considered as in custodia legis.

This was a libel by H. A. Hogue and Henry Young against the City of Frankfort to enforce a maritime lien. The claimant, C. H. Chase, moved to dismiss the libel.

H. W. Hogue, for libelants.

J. F. Boothe, for claimant.

BELLINGER, District Judge. This is a motion to dismiss the libel filed to enforce a maritime lien, based upon the petition of C. H. Chase, claimant, who alleges that he is the assignee of the vessel proceeded against under an assignment made prior to the libel, by the owner for the benefit of creditors. It is contended in support of the motion that property in the possession of an assignee, under the insolvent act of this state, providing for such assignments, is in legal custody, and is not liable to be proceeded against in admiralty.

In the late case of The James Roy, 59 Fed. 784, it is held, following repeated adjudications to the same effect, that the possession of an assignee is not that of the court having the right to supervise the conduct of such assignee and to enforce the provisions of the assignment. It is claimed, however, that the Oregon law makes the possession of the assignee that of the court in the state, for the reason that such law provides that an assignment shall have the effect to discharge any and all attachments on which judgments shall not have been taken at the date of the assignment. The idea of the claimant seems to be that, because the assignment dissolves a pre-existing attachment, this operates somehow to invest the assignee with a relation to the court similar to that held by the officer levying the attachment, or, at least, that it establishes a different relation in that respect from that ordinarily existing. There is no reason for such contention. The possession of the assignee, and the power of the state court over him, are not in the least different under this law from what they are in those states having no such provision. The voluntary act of the debtor cannot establish a legal custody over his property. The dissolution of an attachment by assignment does not establish a custody, but discharges one. This law has nothing to do with the power of the court over the assigned property, but relates wholly to the matters of preference between creditors.

The motion to dismiss is denied.